THE STATE EX REL. FIFTH THIRD MORTGAGE COMPANY, APPELLEE AND CROSS-APPELLANT, *v.* RUSSO, JUDGE, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Fifth Third Mtge. Co. v. Russo,*

**129 Ohio St.3d 250, 2011-Ohio-3177.**]

*Mandamus — Prohibition — Civ.R. 41(A) voluntary dismissal — Writ of prohibition will issue to prevent judge from proceeding in case that was voluntarily dismissed — Mandamus will issue to compel judge to vacate order striking plaintiff's notice of voluntary dismissal — First voluntary dismissal forecloses any further action in dismissed case except for collateral matters such as contempt — Prohibition will not lie to prevent judge from proceeding on issue of contempt.*

(No. 2010-1579 — Submitted May 10, 2011 — Decided July 6, 2011.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Cuyahoga County, Nos. 94816, 94817, and 94818, 2010-Ohio-3734.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment granting writs of mandamus and prohibition against appellant and cross-appellee, Cuyahoga County Court of Common Pleas Judge Nancy Margaret Russo.  The writ of mandamus directed Judge Russo to vacate the portion of her order striking the notice of appellee and cross-appellant, Fifth Third Mortgage Company, voluntarily dismissing its foreclosure action without prejudice.  The writ of prohibition ordered Judge Russo not to proceed on Fifth Third's dismissed claim.  In addition, Fifth Third cross-appealed from the portion of the judgment denying a writ of prohibition to prevent Judge Russo from conducting a contempt proceeding in the dismissed

case. Because the court of appeals ruled properly in the underlying writ case, we affirm the judgment.

## Facts

*Fifth Third Mtge. Co. v. Markus, Cuyahoga C.P. No. CV 09 704576*

{¶ 2} Fifth Third operates and does business as a mortgage company and provides residential and commercial loans throughout Ohio. In September 2009, Fifth Third filed a foreclosure action against Steven Markus in the Cuyahoga County Court of Common Pleas. Judge Russo issued an order that provided:

{¶ 3} "If a forbearance agreement or payment plan is in effect in this case, the court hereby orders [Fifth Third] to notify the court within seven days of said agreement or plan. Failure to comply will result in a show cause hearing."

{¶ 4} The parties in the foreclosure case then negotiated a loan-modification agreement in which the original mortgage amount was increased from $87,550 to $102,590.47 and other terms of the loan were changed. In the agreement, Markus acknowledged that the agreement did not release his obligations under the parties' original note and security instrument:

{¶ 5} "Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note or Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain in full force and effect and unchanged, and Borrower(s) and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement."

{¶ 6} On March 2, 2010, Fifth Third filed a notice pursuant to Civ.R. 41(A) voluntarily dismissing its complaint, without prejudice, in the foreclosure case. No counterclaims had been asserted, and no trial had been scheduled in the case. The next day, Markus filed notice of the parties' loan-modification agreement with the court.

**{¶ 7}** On March 4, 2010, Judge Russo issued an entry striking Fifth Third's notice of dismissal because "[Civ.R.] 41(A) voluntary dismissal is not appropriate when the parties have reached a settlement." In the same entry, Judge Russo ordered a hearing for Fifth Third and its attorney to "show cause why they should not be held in contempt for filing a notice of dismissal when the case in actuality was settled via loan modification." Judge Russo later issued an entry clarifying her order by stating that "[u]sing Civ.R. 41(A) to reserve the right to refile the case on the original mortgage is improper."

*Writ Cases*

**{¶ 8}** On March 15, 2010, Fifth Third filed complaints in the Court of Appeals for Cuyahoga County for writs of mandamus and prohibition and for an expedited alternative writ. Fifth Third requested a writ of mandamus to compel Judge Russo to vacate her March 4, 2010 order striking Fifth Third's notice of voluntary dismissal without prejudice, a writ of prohibition to prevent Judge Russo from proceeding in the foreclosure case, including the show-cause contempt hearing, and an expedited alternative writ of prohibition to prevent Judge Russo from proceeding. The court of appeals consolidated the cases and granted an alternative writ staying further proceedings in the foreclosure case.

**{¶ 9}** Judge Russo filed motions for summary judgment and to dissolve the alternative writ, and Fifth Third filed a response. The court of appeals subsequently granted a writ of mandamus to compel Judge Russo to vacate the portion of the March 4, 2010 entry striking Fifth Third's notice of voluntary dismissal without prejudice. *State ex rel. Fifth Third Mtge. Co. v. Russo*, Cuyahoga App. Nos. 94816, 94817, and 94818, 2010-Ohio-3734, 2010 WL 3171460. The court of appeals also granted a writ of prohibition to prevent Judge Russo from proceeding on the claim asserted by Fifth Third in the foreclosure case but denied a writ of prohibition to prevent the judge from proceeding on the show-cause contempt matter. Id.

{¶ 10} This cause is now before the court upon Judge Russo's appeal as of right and Fifth Third's cross-appeal.

**Analysis**

*Appeal*

{¶ 11} In her appeal as of right, Judge Russo asserts that the court of appeals erred in granting writs of mandamus and prohibition to compel her to vacate her order striking Fifth Third's notice of voluntary dismissal without prejudice in the foreclosure action and to prevent her from proceeding on Fifth Third's claim in that case.

{¶ 12} "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12; *State ex rel. Powell v. Markus*, 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 7. "[I]n general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ * * * will issue to prevent the exercise of jurisdiction." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22; *State ex rel. Benbow v. Runyan*, 99 Ohio St.3d 410, 2003-Ohio-4127, 792 N.E.2d 1124, ¶ 6.

{¶ 13} There are exceptions to this general rule, most notably that despite a voluntary dismissal, a trial court may consider collateral issues not related to the merits of the action, e.g., sanctions under Fed.R.Civ.P. 11, R.C. 2323.51, and Civ.R. 45(E), and criminal contempt. See *Hummel* at ¶ 23-24, and cases cited therein.

{¶ 14} The portion of the foreclosure case at issue in Judge Russo's appeal, however, directly relates to the merits of the foreclosure claim. That is,

Judge Russo held that Fifth Third's Civ.R. 41(A)(1)(a) notice voluntarily dismissing without prejudice the foreclosure case was improper because the claim had been effectively extinguished by the parties' loan-modification agreement.

{¶ 15} Civ.R. 41(A)(1)(a) provides that, subject to certain provisions that are inapplicable here, "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant." "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A)(1). There was no counterclaim filed in the foreclosure case, and no trial had commenced.

{¶ 16} "To interpret court rules, this court applies general principles of statutory construction. * * * Therefore, we must read undefined words or phrases in context and then construe them according to rules of grammar and common usage." *State ex rel. Law Office of Montgomery Cty. Public Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23. "If a court rule is unambiguous, we apply it as written." *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 22.

{¶ 17} The plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims. "It is axiomatic that such dismissal deprives the trial court of jurisdiction over the matter dismissed. After its voluntary dismissal, an action is treated as if it had never been commenced." *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 464 N.E.2d 142. The notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity

of court intervention. See, e.g., *Selker & Furber v. Brightman* (2000), 138 Ohio App.3d 710, 714, 742 N.E.2d 203; *Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 191-192, 694 N.E.2d 1379.

{¶ 18} And under the unambiguous text of the rule, the dismissal is without prejudice "[u]nless otherwise stated in the notice of dismissal * * *, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A)(1). Because the notice filed by Fifth Third in the underlying foreclosure case stated that the dismissal was without prejudice, and Fifth Third had not previously dismissed the same foreclosure claim in any previous action, the dismissal without prejudice was effective once it was filed. No further court action was required.

{¶ 19} Judge Russo, however, argues that the parties' loan-modification agreement represented a settlement of Fifth Third's original foreclosure claim, which barred its right to recover on that claim. Yet the judge ignores the explicit language of the parties' agreement that it did not constitute a satisfaction or release of the note and security agreement.

{¶ 20} Moreover, even were the judge correct, Civ.R. 41(A)(1) does not recognize any exception for purportedly settled claims that have not been formally dismissed before the plaintiff files a notice of dismissal pursuant to the rule. Notably, Judge Russo cites no case that so holds. Instead, she cites cases in which the court held that settlement barred subsequent litigation based on the same claim, see *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 20, and that a third foreclosure action following the lender's voluntary dismissal of two previous foreclosure actions based on the same promissory note and mortgage was barred by the double-dismissal rule of Civ.R. 41(A)(1)(a). *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987, ¶ 25-28. Neither case controls the circumstances

here, which involve Fifth Third's absolute right under Civ.R. 41(A)(1) to dismiss its foreclosure action once without prejudice. Thus, Fifth Third properly dismissed its case without prejudice.

{¶ 21} "When a case has been properly dismissed pursuant to Civ.R. 41(A)(1), the court patently and unambiguously lacks jurisdiction to proceed and a writ of prohibition will issue to prevent the exercise of jurisdiction." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288; *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107.

{¶ 22} Therefore, the court of appeals properly granted the requested extraordinary relief in mandamus and prohibition to compel Judge Russo to vacate that portion of the March 4, 2010 entry striking Fifth Third's notice of voluntary dismissal without prejudice of its foreclosure case and to prevent Fifth Third from proceeding on its foreclosure claim.

*Cross-Appeal*

{¶ 23} In its cross-appeal, Fifth Third asserts that the court of appeals erred in denying the writ of prohibition to prevent Judge Russo from proceeding to determine whether Fifth Third should be held in contempt for filing a notice of dismissal.

{¶ 24} As noted previously, "[t]rial courts may consider collateral issues like criminal contempt * * * despite a dismissal." *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672, ¶ 5. The mere fact that the contempt issue was raised after Fifth Third voluntarily dismissed its foreclosure claim does not necessitate a finding that the trial court patently and unambiguously lacked jurisdiction to raise that issue. Insofar as Fifth Third might be found in contempt in those ongoing proceedings, it has an adequate remedy by appeal following any such order. *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 15; *State ex rel. Mancino v. Campbell*

(1993), 66 Ohio St.3d 217, 220, 611 N.E.2d 319 ("appealing a contempt order is an adequate remedy at law which will result in denial of the writ").

{¶ 25} Consequently, the court of appeals correctly denied the requested extraordinary relief in prohibition to prevent the contempt proceeding.

### Conclusion

{¶ 26} Based on the foregoing, the court of appeals did not err in its judgment. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and MCGEE BROWN, JJ., concur in part and dissent in part.

_____

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 27} I concur in the decision to grant writs of mandamus and prohibition to compel Judge Russo to vacate the March 4, 2010 entry striking Fifth Third's notice of voluntary dismissal without prejudice and to prevent Fifth Third from proceeding on its foreclosure case. I respectfully dissent from the decision denying Fifth Third relief in prohibition to prevent Judge Russo from conducting the contempt proceeding. I believe that Judge Russo patently and unambiguously lacks jurisdiction to conduct the contempt proceeding and that an appeal is not an adequate remedy at law for Fifth Third.

{¶ 28} Fifth Third was not in contempt of a court order in the underlying case when Judge Russo issued a show-cause order on March 4, 2010. The underlying case had already been dismissed and no longer existed. As the majority opinion states, "the dismissal without prejudice was effective once it was filed. No further court action was required." Thus, it follows that the judge patently and unambiguously lacked jurisdiction following dismissal to issue the

show-cause order. The parties had settled the matter, and Fifth Third had filed a Civ.R. 41(A) voluntary dismissal on March 2, 2010. Judge Russo does not allege that Fifth Third disobeyed a court order, but instead, she alleged that Fifth Third was in contempt for filing a notice of dismissal following settlement. Although a court may consider a collateral issue of criminal contempt after the underlying action is no longer pending, see *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265, the criminal contempt allegations here did not arise prior to dismissal. Judge Russo's allegations relate to the actual notice of dismissal and to the merits of the underlying action – they are not collateral issues. Consequently, I believe that Judge Russo lacked jurisdiction to proceed following Fifth Third's dismissal.

{¶ 29} Fifth Third's remedy by appeal, in the unlikely event it is found in contempt, is not adequate. An adequate legal remedy must be practical and efficient and promptly administer justice. *Mid-America Tire, Inc. v. PTZ Trading Ltd.*, 95 Ohio St.3d 367, 2002-Ohio-2427, 768 N.E.2d 619, ¶ 81. It is illogical to require Fifth Third to appear and defend in a contempt action under these circumstances, as well as time-consuming and costly to Fifth Third and the judicial system. In the unlikely event that Fifth Third does not prevail in the contempt proceeding, an appeal is not as efficient as a writ of prohibition would be if we granted it now. Thus, I believe that an appeal is an inefficient and inadequate remedy, and I would grant a writ of prohibition to prohibit Judge Russo from proceeding on the contempt hearing.

{¶ 30} I respectfully dissent from the resolution of the cross-appeal.

MCGEE BROWN, J., concurs in the foregoing opinion.

_____

Graydon, Head & Ritchey, L.L.P., John C. Greiner, Harry W. Cappel, and Katherine M. Lasher, for appellee and cross-appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellant and cross-appellee.

_____