[Cite as *United Tel. Credit Union v. Hughes*, 2012-Ohio-1638.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97078**

## UNITED TELEPHONE CREDIT UNION

PLAINTIFF-APPELLANT

vs.

## NATALIE A. HUGHES, AS FIDUCIARY FOR THE ESTATE OF MARTIN J. HUGHES, JR.

DEFENDANT-APPELLEE

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-752213

**BEFORE:**   Stewart, P.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 12, 2012

**ATTORNEYS FOR APPELLANT**

Lou D'Amico
George J. Argie
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, OH    44143


**ATTORNEYS FOR APPELLEE**

Michael N. Schaeffer
Richard G. Murray, II
Scott N. Schaeffer
Kemp, Schaeffer & Rowe Co., L.P.A.
88 West Mound Street
Columbus, OH    43215

MELODY J. STEWART, P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs and oral arguments of counsel. Plaintiff-appellant United Telephone Credit Union ("union") appeals from an order that dismissed its complaint against defendant-appellee Natalie A. Hughes, the administratix of the estate of Martin Hughes, on grounds that it had been previously dismissed with prejudice as settled by the parties. The union argues that the court erred because the prior dismissal had specifically been entered as being "without prejudice," so it did not operate as a dismissal on the merits.

**{¶2}** Civ.R. 41(A)(1)(b) permits a plaintiff to dismiss all claims asserted by plaintiff by "filing a stipulation of dismissal signed by all parties who have appeared in the action." The parties dismissed a previously filed union complaint against Hughes by entering an "agreed judgment entry of dismissal" that advised the court that "the parties have entered into a mutual agreement and that they agree that the within cause should be dismissed **without** prejudice." (Emphasis sic.) When the union refiled the case, the court dismissed it on its own initiative, stating that the case had been "previously disposed of as settled[.]" Hughes filed a motion for reconsideration of the dismissal. The court denied the motion, stating that it was amending the notice of dismissal nunc pro tunc to correct the earlier dismissal to reflect it as being with prejudice. It also indicated that regardless of whether the case had been dismissed with or without prejudice, the union

failed to refile the action within one year as required by the savings statute, so dismissal was nonetheless proper.

**{¶3}** The court erred by amending nunc pro tunc the stipulated voluntary dismissal to state that it was with prejudice. A nunc pro tunc entry can only be used to have the record "speak the truth." *McKay v. McKay*, 24 Ohio App.3d 74, 75, 493 N.E.2d 317 (11th Dist.1985). The parties entered a Civ.R. 41(A)(1)(b) dismissal by stipulation and expressly stated that the dismissal was without prejudice. Although the record contains a journal entry by the court stating that the parties had previously "indicated to the Court that this matter has settled," the notice of dismissal gave no indication that it was the result of a settlement. While the court may have been led to believe that a settlement was in the offing, it was bound by the express terms of the dismissal, so it had no authority to amend that dismissal nunc pro tunc. *Bayes v. Toledo Edison Co.*, 6th Dist. Nos. L-03-1177 and L-03-1194, 2004-Ohio-5752, ¶ 93-95.

**{¶4}** The court also erred to the extent it believed that the union failed to refile its action within one year as required by R.C. 2305.19. The union voluntarily dismissed the previous action with a notice of voluntary dismissal filed on March 31, 2010. It refiled the action on March 30, 2011. In its order denying the union's motion for reconsideration, the court stated that the union voluntarily dismissed its action on March 29, 2010, but this was a reference to a journal entry stating that the parties had indicated to the court that they had reached a settlement. But without a notice of voluntary dismissal, the case could not be deemed to have been dismissed. What is more, the

March 29, 2010 journal entry ordered the parties to "submit a more definitive entry." Had a settlement actually been reached on that date, not only would there have been no need for a more definitive entry, but the court would have been powerless to take any action following a complete dismissal of an action. *State ex rel. Fifth Third Mtge. Co. v. Russo,* 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17. The assigned error is sustained.

**{¶5}** This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR