[Cite as *State ex rel. Lavelle v. Karner*, 2012-Ohio-4297.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98962**

# STATE OF OHIO, EX REL.
# MARY MARGARET POSTEL LAVELLE,
# ETC., ET AL.

RELATORS

vs.

# HONORABLE CHERYL KARNER, ET AL.

RESPONDENTS

## JUDGMENT:
COMPLAINT DISMISSED

Writ of Prohibition/Mandamus
Motion No. 458639
Order No. 458672

**RELEASE DATE:** September 19, 2012

**ATTORNEYS FOR RELATORS**

**For Mary M. Postel Lavelle, et al.**

Martin T. Galvin
Adam M. Fried
Reminger Co., L.P.A.
101 W. Prospect Avenue
Suite 1400
Cleveland, Ohio    44115

**For Mary M. Postel Lavelle, individually**

David D. Drechsler
Buckingham, Doolittle & Burroughs
1375 East Ninth Street
Suite 1700
Cleveland, Ohio    44114


**ATTORNEYS FOR RESPONDENTS**

William D. Mason
Cuyahoga County Prosecutor
BY:    David Lambert
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J.   BOYLE, P.J.:

{¶1}   Relator, Mary Margaret Postel Lavelle, brings this action individually and as trustee of the Denis J. Lavelle Trust ("the trust").   The trust is also a relator.   The underlying case, *Lauren Lavelle v. Denis Lavelle*, Cuyahoga C.P. No. DR-288134, has been assigned to respondents Judge Cheryl S. Karner and Magistrate Serpil Ergun of the domestic relations division of the court of common pleas.

{¶2}   Respondent judge adopted the magistrate's decision substituting relators as parties in Cuyahoga C.P. No. DR-288134.   Relators have appealed that judgment as well as the denial of their motion for reconsideration or to vacate per Civ.R. 60(B).   Those appeals are pending.   *Lavelle v. Lavelle*, 8th Dist. Nos. 98506 and 98793.

{¶3}   Relators filed this action on September 18, 2012.   Relators request that this court issue a writ of prohibition preventing respondents from proceeding with a trial scheduled for September 19, 2012.   Relators also request relief in mandamus compelling respondents to stay all proceedings in Cuyahoga C.P. No. DR-288134.   Relators contend that respondents lack the jurisdiction to proceed.   For the reasons stated below, we disagree and dismiss this action sua sponte.

{¶4}   The criteria for the issuance of a writ of prohibition are well established.

> In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.

*State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 185, 718 N.E.2d 908 (1999). If, however, the respondent court is patently and unambiguously without jurisdiction, the relator need not demonstrate the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶ 15.

{¶5} Clearly, the domestic relations division has general subject matter jurisdiction to determine domestic relations issues. *See, e.g.*, *France v. Celebrezze*, 8th Dist. No. 98147, 2012-Ohio-2072, ¶ 5. Yet, relators contend that respondents lack jurisdiction to proceed in the underlying case.

{¶6} The docket in the underlying case includes the following entry on May 15, 2012:

> TRIAL SET FOR 09/19/2012 AT 10:00 IN ROOM 139 BEFORE MAGISTRATE SERPIL ERGUN. MO.# 301963 FILED ON 06/25/2010 MOTION FOR ATTORNEY FEES MO.# 301962 FILED ON 06/25/2010 MOTION TO ENFORCE SETTLEMENT AGREEMENT MO.# 301961 FILED ON 06/25/2010 MOTION TO SHOW CAUSE NONCOMPLIANCE WITH JUDGMENT ENTRY

{¶7} We reject relators' argument that the pending appeals arising from the judgment substituting them as parties prevent respondents from proceeding with respect to the motions scheduled for hearing.

{¶8} Relators also contend that they have not received service of process. The docket in Cuyahoga C.P. No. DR-288134 reflects, however, service in March 2011, as well as June and July 2012. If a party challenges the propriety of service of process,

prohibition does not lie unless there is a complete failure to meet the constitutional due process requirement of minimum contacts. *See State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 28. As was the case in *Panioto*, there is no suggestion of a lack of minimum contacts in this case.

{¶9} Relators challenge the propriety of their being substituted as parties. In 8th Dist. Nos. 98506 and 98793, however, relators have invoked the appellate jurisdiction of this court and have the opportunity to assert assignments of error with respect to the granting of the motion to substitute parties. Relief in prohibition would not, therefore, be appropriate.

{¶10} Relators also contend that probate court has exclusive jurisdiction over trusts (or, at least, concurrent jurisdiction with the general division of the court of common pleas). R.C. 2101.24 and 5802.03. Nevertheless, relators have not provided this court with any controlling authority that prevents a domestic relations court from undertaking proceedings involving a trust that may have property related to matters before the domestic relations division. As a consequence, we must conclude that relators have not demonstrated that respondents are patently and unambiguously without jurisdiction.

{¶11} Finally, relators complain that they have been made parties to the underlying case in order to determine whether they should be held in contempt for violating the terms of a settlement agreement to which they were not a party. Relators have not demonstrated that respondents lack the authority to adjudicate contempt proceedings. Additionally, appeal is an adequate remedy from a judgment of contempt. *State ex rel.*

*Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 24. The possibility of relators being held in contempt does not provide a basis for relief in prohibition.

{¶12} Similarly, relators have not provided this court with any authority for the proposition that they have a clear legal right or that respondents have a clear legal duty to stay proceedings in the underlying case. Rather, the discussion above demonstrates that relators have not demonstrated that respondents are patently and unambiguously without jurisdiction. As a consequence, relators have not met the standard for relief in mandamus.

{¶13} Accordingly, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted. By separate entry, we have also denied relators' application for alternative writ. Relators to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶14} Complaint dismissed.


_____
MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, J., CONCUR