[Cite as *State ex rel. Thornburg Station Retail, Ltd. v. Cuyahoga Cty. Court of Common Pleas*, 2013-Ohio-1450.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98862**

# STATE OF OHIO, EX REL.
# THORNBURG STATION RETAIL, LTD.

RELATOR

vs.

# CUYAHOGA COUNTY COURT
# OF COMMON PLEAS, ET AL.

RESPONDENTS

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Prohibition
Motion No. 458957
Order No. 463626

**RELEASE DATE:** April 10, 2013

**ATTORNEYS FOR RELATOR**

Robert G. Friedman
Laurence Powers
Powers Friedman Linn, P.L.L.
23240 Chagrin Boulevard
Suite 180
Cleveland, Ohio 44122

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
Charles E. Hannan
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Thornburg Station Retail, Ltd. ("Thornburg"), the relator, has filed a complaint for a writ of prohibition through which it seeks an order that prevents Judge Jose A. Villanueva and the Cuyahoga County Court of Common Pleas, the respondents, from exercising any jurisdiction in *Thornburg Station Retail, Ltd. v. A Beautiful Smile, James M. Pelagalli, DMD, LLC*, Cuyahoga C.P. No. CV-723586. Specifically, Thornburg seeks to prevent the respondents from exercising any jurisdiction to hear or determine any issues raised through a motion for sanctions and a motion to show cause. Thornburg further seeks an order from this court that directs the respondents to issue an order vacating the order of February 21, 2012, which granted a motion for sanctions. The respondents have filed a motion to dismiss, which we grant for the following reasons.

## FACTS

{¶2} The following facts that are pertinent to this original action are gleaned from the complaint for a writ of prohibition, the respondents' motion to dismiss and the brief in opposition to the motion to dismiss.

{¶3} On April 8, 2010, Thornburg, as the lessor for the premises located at 8111 Rockside Road, Valley View, Ohio, filed suit in Cuyahoga C.P. No. CV-723586 for breach of a commercial lease against A Beautiful Smile, James M. Pelagalli DMD, LLC, and James M. Pelagalli ("defendants"). The complaint alleged that the defendants failed

to pay monthly rent and that $18,155.26 was owed to Thornburg.

{¶4} On April 19, 2010, service of the complaint for breach of the commercial lease was attempted upon the defendants by certified mail.

{¶5} On April 28, 2010, the certified mail receipt was returned to Thornburg as "signed by other."

{¶6} On May 13, 2010, service of the complaint for breach of the commercial lease was again sent to the defendants by certified mail.

{¶7} On June 21, 2010, a notice of failure of certified mail service was provided to Thornburg.

{¶8} On June 29, 2010, service of the complaint for breach of the commercial lease was perfected upon the defendants by regular mail.

{¶9} On August 5, 2010, Thornburg filed a motion for default judgment against the defendants.

{¶10} On October 1, 2010, Judge Villanueva granted the motion for default judgment against the defendants in the amount of $18,155.26 plus interest at the statutory rate from the date of judgment plus the costs of the action.

{¶11} On November 15, 2010, Thornburg obtained a "Certificate of Judgment for Transfer" that allowed for the execution of judgment in Cleveland Municipal Case No. 2010-CVH-022974.

{¶12} On November 24, 2010, Thornburg filed for garnishment of property other

than personal earnings that resulted in the attachment of defendant-Pelagalli's funds in the amount of $14,583.13.

**{¶13}** On December 27, 2010, defendant-Pelagalli filed a motion for relief from judgment pursuant to Civ.R. 60(B) based upon failure of service of the complaint.

**{¶14}** On January 18, 2011, Judge Villanueva denied defendant-Pelagalli's motion for relief from judgment.

**{¶15}** On February 25, 2011, defendant-Pelagalli filed a motion for reconsideration with regard to the motion for relief from judgment that was denied by Judge Villanueva.

**{¶16}** On March 21, 2011, Judge Villanueva granted defendant-Pelagalli's motion for reconsideration, granted defendant-Pelagalli's motion for relief from judgment, vacated the prior order of default judgment against defendant-Pelagalli, and returned the complaint for breach of the commercial lease to the active docket. The journal entry provided that:

> Defendant James M. Pelagalli's unopposed motion for reconsideration, filed 02/25/11, is granted. The court hereby reconsiders defendant's motion to vacate judgment and grants the motion in part. Defendant states in his motion for reconsideration that though it appears service was perfected via certified mail on 04/20/2010, the signature on the certified mail receipt was not defendant's but rather his father of the same name. Defendant need not state a meritorious defense to Plaintiff's claim if service has not been perfected. *See Thomas v. Corrigan*, 135 Ohio App.3d 340[, 733 N.E.2d 1213 (11th Dist.1999)].
>
> The court grants defendant's request to vacate the default judgment but not defendant's request to dismiss the case. Case is returned to the court's active docket. Plaintiff shall have six months from the date of this order within which to perfect service or plaintiff's complaint will be dismissed.

{¶17} On March 25, 2011, Thornburg filed a motion for reconsideration with regard to the granting of the motion for relief from judgment.

{¶18} On May 4, 2011, Judge Villanueva denied Thornburg's motion for reconsideration and held that:

> Plaintiff's motion for reconsideration, filed 3/25/11, is denied. Default judgment against defendant James Pelagalli remains vacated and plaintiff must serve its complaint upon defendant Pelagalli by 09/21/11 or complaint will be dismissed.

{¶19} On May 9, 2011, Thornburg filed a notice of voluntary dismissal of its complaint for breach of the commercial lease per Civ.R. 41(A), without prejudice.

{¶20} On May 11, 2011, defendant-Pelagalli filed a motion for sanctions premised upon the failure of Thornburg to return the $14,583.13 that was previously garnished.

{¶21} On February 21, 2012, Judge Villanueva granted defendant-Pelagalli's motion for sanctions, in part, and ordered that the $14,583.13 garnished from the defendant-Pelagalli be returned. The judgment order provided that:

> Defendant James Pelagalli filed a motion for sanctions 05/11/2011. Defendant Pelagalli sought monies seized by plaintiff pursuant to a default judgment which was later vacated. In addition, plaintiff sought expenses including reasonable attorney fees. Defendant also requested the court not [to] grant plaintiff's notice of voluntary dismissal, filed 05/09/2011, until monies seized were returned. However, the notice of voluntary dismissal

was not left to the court's determination as a motion. There was no pending counter or cross claims. Once the notice of dismissal was filed, the case was finalized. The court's 05/13/2011 entry dismissing the case was a technicality done to remove the case from the court's active docket. After the motion for sanctions was filed, the court through its staff attorney directed the parties to attempt to resolve the motion. A follow up call was not received by the court and [the] court's calls inquiring as to the status of the motion were not returned. Defendant's motion for sanctions is granted in part. Plaintiff shall return monies seized under the default judgment that was later vacated. If such monies have already been returned, this order shall be vacated and the motion for sanctions will be deemed moot. Defendant is not granted costs including attorney fees.

**{¶22}** On February 29, 2012, Thornburg filed a motion for reconsideration with regard to Judge Villanueva's order to return the garnished funds.

**{¶23}** On August 8, 2012, Judge Villanueva scheduled a hearing with regard to Thornburg's motion for reconsideration. The hearing was scheduled for August 31, 2012.

**{¶24}** On August 21, 2012, defendant-Pelagalli filed a motion to show cause.

**{¶25}** On August 27, 2012, Thornburg filed its complaint for a writ of prohibition and an "emergency motion for injunction," which this court treated as an application for an alternative writ of prohibition.

**{¶26}** On August 28, 2012, this court granted Thornburg's application for an alternative writ and ordered that all proceedings be stayed in CV-723586 pending further order.

STANDARDS FOR GRANTING WRIT OF PROHIBITION

**{¶27}** In order for this court to issue a writ of prohibition, Thornburg is required to demonstrate each prong of the following three-part test: (1) Judge Villanueva is about to exercise judicial power; (2) the exercise of judicial power by Judge Villanueva is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie if Thornburg has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

**{¶28}** Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Drake Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common*

*Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶29} Absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

LEGAL ANALYSIS

{¶30} In the case sub judice, Thornburg argues that the voluntary dismissal it filed on May 9, 2011, divested Judge Villanueva of jurisdiction to hear defendant-Pelagalli's motion for sanctions and motion to show cause. Specifically, Thornburg argues that Judge Villanueva patently and unambiguously lacked jurisdiction to rule on defendant-Pelagalli's motion for sanctions, which resulted in an order to return the garnished funds of $14,583.13, and lacks jurisdiction to conduct any additional legal proceedings with regard to defendant-Pelagalli's motion to show cause. We disagree.

{¶31} Generally, when a trial court dismisses an action or the plaintiff voluntarily dismisses an action under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of

jurisdiction on the part of the trial court. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853; *Page v. Riley*, 85 Ohio St.3d 621, 1999-Ohio-290, 710 N.E.2d 472.

{¶32} However, the Supreme Court of Ohio, has firmly established that a trial court may consider collateral issues despite a voluntary dismissal under Civ.R. 41(A)(1).

> It is equally true, however, that despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action. *See Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (trial court retains jurisdiction to determine Fed.R.Civ.P. 11 sanctions after the principal suit has been terminated); *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265 ("court may consider the collateral issue of criminal contempt even after the underlying action is no longer pending"); *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 528, 620 N.E.2d 160 [(10th Dist.)] (trial court may entertain an R.C. 2323.51 motion to impose sanctions for frivolous conduct even though underlying case has been voluntarily dismissed).

*Hummel* at ¶ 23.

{¶33} Herein, defendant-Pelagalli filed a motion for sanctions under Civ.R. 37 and a motion to show cause. The sanctions and show cause order sought by defendant-Pelagalli involve collateral proceedings and are comparable to the collateral

proceedings as specified by the Supreme Court of Ohio in *Hummel*. In fact, it has been established that a trial court possesses the jurisdiction to consider the collateral issue of sanctions under Civ.R. 37. *Jacobsen v. Jonathan Paul Eyewear*, 11th Dist. No. 2011-L-098, 2012-Ohio-3021. Thus, Judge Villanueva possesses the jurisdiction to hear defendant-Pelagalli's motion for sanctions, render a decision with regard to the motion for sanctions, and possessed the jurisdiction to hear defendant-Pelagalli's motion to show cause. *Linetsky v. DeJohn*, 8th Dist. No. 98370, 2012-Ohio-6140. *See also State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414; *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672; *ABM Amro Group, Inc. v. Evans*, 8th Dist. No. 96120, 2011-Ohio-5654.

**{¶34}** Finally, we find that Thornburg has or had an adequate remedy in the ordinary course of the law, which prevents this court from issuing a writ of prohibition. Thornburg was permitted to file an appeal from the judgment of February 21, 2012, which granted defendant-Pelagalli's motion for sanctions and further possesses the right to an appeal from any adverse ruling rendered with regard to defendant-Pelagalli's motion to show cause. Prohibition will not issue if there exists an adequate remedy in the ordinary course of the law. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107; *State ex rel. Ahmed*; *State ex rel. Gadsen v. Lioi*, 93 Ohio St.3d 574, 2001-Ohio-1611, 757 N.E.2d 355.

**{¶35}** Accordingly, we grant the respondents' motion to dismiss. Costs to Thornburg. The court directs the clerk of court to serve all parties with notice of this

judgment and its date of entry upon the journal as required by Civ.R. 58(B). It is further

ordered that the alternative writ of prohibition, granted by this court on August 28, 2012,

is vacated.

{¶36} Complaint dismissed.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR