[Cite as *Donna Keels, L.L.C. v. Nofal Foods, L.L.C.*, 2025-Ohio-4809.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donna Keels, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 24AP-612 |
| | | (C.P.C. No. 20CV-225) |
| Nofal Foods, LLC, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| Eyad Hussein et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on October 21, 2025

**On brief:** *Percy Squire Co., LLC,* and *Percy Squire,* for appellee Donna Keels, LLC. **Argued:** *Percy Squire.*

**On brief:** *Zacks Law, LLC,* and *Benjamin S. Zacks,* for appellant. **Argued:** *Benjamin S. Zacks.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, Nofal Foods, LLC ("Nofal Foods"), appeals from a judgment of the Franklin County Court of Common Pleas sustaining an objection of plaintiff-appellee, Donna Keels, LLC ("Keels"), to a magistrate's decision and vacating the magistrate's decision that awarded attorney fees to Nofal Foods as a prevailing party under the provisions of a lease agreement.

## I. Facts and Procedural History

{¶ 2} On January 9, 2020, Keels filed a complaint for non-payment of rent, naming as defendants Nofal Foods, Eyad Hussein, and Hawyda Hussein.[1] The complaint alleged Keels was the landlord and party to a commercial lease agreement with Nofal Foods, and that defendants had failed to comply with the terms of the lease agreement "by not paying as additional rent insurance costs, real estate taxes, landlord's maintenance costs and the landlord's costs to cure [t]enant's failure to perform certain nonmonetary obligations." (Compl. at ¶ 6.)

{¶ 3} On March 16, 2020, Nofal Foods filed an answer and counterclaims for abuse of process, breach of contract and of the covenant of quiet enjoyment, and declaratory judgment; Nofal Foods sought a declaration as to the rights and duties of the parties under the lease, as well as a declaration it did not owe Keels any money.

{¶ 4} On August 24, 2021, Nofal Foods filed a motion for summary judgment. On September 9, 2021, Keels filed a response and memorandum in opposition to the motion for summary judgment. On December 6, 2021, the trial court filed a decision granting in part and denying in part Nofal Foods' motion for summary judgment. In its decision, the court found Nofal Foods was "not in default on payment of the insurance costs or premiums." (Dec. 6, 2021 Decision at 10.) More specifically, the court noted the parties "do not refute that the two casualty incidents that occurred on the premises were the fault of third parties and the damage that resulted did not arise from or relate to Nofal Foods' use of the property." (Dec. 6, 2021 Decision at 11.) The court further found, however, "a dispute exists as to whether Nofal Foods is in default for payment of any expenses related to the casualties that occurred on the property." (Dec. 6, 2021 Decision at 11.) The court therefore scheduled the remaining issues for a bench trial on March 28, 2022.

{¶ 5} On February 21, 2022, Keels filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A), and a court docketing entry on that date stated: "Case Terminated." On February 24, 2022, Nofal Foods filed a motion for payment of attorney fees as the prevailing party under the terms of the lease agreement and pursuant to Civ.R.

---

[1] On September 3, 2020, defendants Eyad Hussein and Hawyda Hussein filed a motion to dismiss the plaintiff's claims against them in their individual capacities. By entry filed September 29, 2020, the trial court granted the motion, dismissing both Eyad Hussein and Hawyda Hussein as parties in the action.

37. The trial court subsequently denied (by entry filed May 25, 2022) Nofal Foods' February 24, 2022 motion for attorney fees.

{¶ 6} On March 10, 2022, the trial court filed an order to reactive the case. In that order, the court noted in part: "This case was terminated after Plaintiff filed a dismissal pursuant to Civ.R. 41(A) on February 21, 2022. However, Defendant has claims that remain pending. Thus, the termination of the entire case was erroneous." By entry filed March 22, 2022, a new trial date was scheduled for July 25, 2022.

{¶ 7} On July 11, 2022, Keels filed a motion for attorney fees under R.C. 2323.51 and Civ.R. 11. On July 22, 2022, Nofal Foods filed a notice of voluntary dismissal without prejudice of its counterclaims pursuant to Civ.R. 41(A). On August 8, 2022, Nofal Foods filed a motion for payment of attorney fees as a prevailing party under the terms of the lease agreement and pursuant to Civ.R. 11, Civ.R. 37, and R.C. 2323.51.

{¶ 8} On October 3, 2022, the trial court filed an entry denying Keels' motion for attorney fees and granting Nofal Foods' motion for attorney fees as the prevailing party only, i.e., entitled to fees under the terms (Section 20.08) of the lease agreement. The court referred the fee matter to a magistrate for hearing scheduled March 20, 2023. On March 8, 2023, Keels filed a motion to continue the hearing "pending a ruling on the Motion to Stay and for a Writ of Prohibition in *State ex rel. Percy Squire v. The Honorable Karen Phipps*, Case No. 23-AP-137." (Mar. 8, 2023 Mot. to Continue at 1.) On March 13, 2023, the court denied Keels' motion to continue.

{¶ 9} On March 20, 2023, the magistrate conducted a hearing on the issue of attorney fees. On February 5, 2024, the magistrate filed a decision finding "the total amount of . . . reasonable attorney fees due Nofal [Foods] under the Lease as the prevailing party is $67,906.44." (Feb. 5, 2024 Mag.'s Decision at 23.)

{¶ 10} On April 9, 2024, Keels filed objections to the magistrate's decision, including an objection asserting the trial court lacked jurisdiction to impose attorney fees after Nofal Foods filed a dismissal of its counterclaims pursuant to Civ.R. 41. On April 18, 2024, Nofal Foods filed a memorandum in opposition to Keels' objections.

{¶ 11} By decision and entry filed September 6, 2024, the trial court sustained in part Keels' objections to the magistrate's decision and vacated the decision. Specifically, the court sustained Keels' first objection in which it asserted the court lost jurisdiction to

order attorney fees to Nofal Foods as a prevailing party following the parties' dismissal of all claims and counterclaims.

## II. Assignment of Error

{¶ 12} Nofal Foods assigns the following sole assignment of error for our review:

> The trial court erred as a matter of law by determining to vacate its Entry adopting the magistrate's decision of the fee award based on the court's own prior determination that Nofal [Foods] was entitled to attorney's fees.

## III. Discussion

{¶ 13} Under its single assignment of error, Nofal Foods asserts the trial court erred in vacating the magistrate's fee award decision where the court's own prior order had determined Nofal Foods was entitled to attorney fees. Nofal Foods argues Ohio courts favor the view that a court retains jurisdiction to enter an award of attorney fees even after a Civ.R. 41 dismissal. Nofal Foods acknowledges that a Civ.R. 41(A) voluntary dismissal "generally divests the trial court of jurisdiction," but argues "a court may still consider collateral issues unrelated to the merits of the action, such as sanctions pursuant to Civ.R. 11 or R.C. 2323.51." (Appellant's Brief at 13.)

{¶ 14} At the outset, we address and find unpersuasive Nofal Foods' argument that Keels' "failure to appeal the holding in this Appellate Court's denial of its writ determined the trial court has jurisdiction to make the fee award," and that res judicata bars Keels from relitigating this issue. (Appellant's Brief at 23.) Nofal Foods references this court's decision in *State ex rel. Squire v. Phipps*, 2023-Ohio-3950 ¶ 1 (10th Dist.), in which the relator, counsel for Keels, sought a writ of prohibition against the respondent, Judge Karen Held Phipps of the Franklin County Court of Common Pleas, to prohibit respondent from "holding a prevailing party attorney fees hearing or engaging in any other fee-related proceedings."[2]

{¶ 15} Nofal Foods suggests this court's decision in *Phipps*, which denied the relator's request for a writ, and relator's subsequent failure to pursue an appeal of that decision, "meant that the jurisdictional issue was determined and final." (Appellant's Brief

---

[2] We take notice of the fact the relator in *Phipps* filed the complaint for writ of prohibition on February 28, 2023, approximately one month prior to the scheduled (March 20, 2023) prevailing party attorney fee evidentiary hearing before the magistrate of the trial court in the underlying action.

at 9.) Nofal Foods overstates the scope of this court's decision. In *Phipps*, this court adopted a decision of a magistrate of this court in which the magistrate "recognized . . . that summary judgment was granted in favor of Nofal Foods on only part of Donna Keels' breach of contract claims" and that, "although there may be a genuine question as to whether the common pleas court properly exercised jurisdiction in determining there was a prevailing party, such fact did not lead to the conclusion that the court patently and unambiguously lacked jurisdiction to consider Nofal Foods' prevailing party attorney fee request" but, instead, such issue "was resolvable through appeal." *Id.* at ¶ 6. Stated otherwise, this court did not conclusively determine the issue of the trial court's jurisdiction to consider the request for attorney fees based on prevailing party status (and in fact recognized "a question exists as to whether the trial court properly exercised jurisdiction to determine if Nofal [Foods] was a prevailing party," *Id.* at ¶ 20); rather, we merely concluded prohibition did not lie where relator had an adequate remedy to challenge the trial court's jurisdiction.

{¶ 16} We therefore turn to the argument set forth in Nofal Foods' single assignment of error, i.e., that the trial court, following its "own prior determination that Nofal Foods was entitled to attorney's fees" (as the prevailing party under the terms of the lease agreement), erred in vacating the magistrate's fee award decision. (Appellant's Brief at viii.) As set forth under the facts, the court sustained in part Keels' objection to the magistrate's decision on attorney fees, vacating the decision on jurisdictional grounds. Specifically, the court determined the "voluntary dismissal by both parties of all claims divested the Court of jurisdiction over those claims, including the subsequent determination that Defendant was the 'prevailing party' within the case and ordering attorney fees on that basis." (Sept. 6, 2024 Decision at 5.)

{¶ 17} In general, "the issue of subject-matter jurisdiction involves a court's power to hear and decide a case on the merits." *B.H. v. State Dept. of Admin. Servs.*, 2017-Ohio-9030, ¶ 14 (10th Dist.), citing *Wiltz v. Accountancy Bd. of Ohio*, 2015-Ohio-2493, ¶ 5 (10th Dist.). This court applies a "de novo" standard of review with respect to a "dismissal for lack of subject-matter jurisdiction." *Id.*, citing *Wiltz*.

{¶ 18} Civ.R. 41(A)(1)(a) states in part: "[A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by . . . [f]iling a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot

remain pending for independent adjudication by the court has been served by that defendant." Civ.R. 41(C) states in part: "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim."

{¶ 19} Under Ohio law, "a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction." *Jacobson v. Jonathan Paul Eyewear*, 2012-Ohio-3021, ¶ 8 (11th Dist.), citing *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605, ¶ 23. The Supreme Court of Ohio has observed the "plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 2011-Ohio-3177, ¶ 17. Thus, " 'such dismissal deprives the trial court of jurisdiction over the matter dismissed' " and, " '[a]fter its voluntary dismissal, an action is treated as if it had never been commenced.' " *Id.*, quoting *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 95 (1984). Further, "[t]he notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention." *Id.*, citing *Selker & Furber v. Brightman*, 138 Ohio App.3d 710, 714 (8th Dist. 2000); *Payton v. Rehberg*, 119 Ohio App.3d 183, 191-92 (8th Dist. 1997).

{¶ 20} A court, however, "may still consider collateral issues not related to the merits of the case," and "[s]anctions pursuant to Civ.R. 11 and R.C. 2323.51 have been determined to be collateral issues." *Jacobson* at ¶ 8, citing *Hummel* at ¶ 6. *See also Russo* at ¶ 13 (noting there are "exceptions" to the general rule that a court lacks jurisdiction to proceed following a Civ.R. 41(A)(1) dismissal and, "despite a voluntary dismissal, a trial court may consider collateral issues not related to the merits of the action, e.g., sanctions under Fed.R.Civ.P. 11, R.C. 2323.51, and Civ.R. 45(E), and criminal contempt").

{¶ 21} As noted, Nofal Foods acknowledges the general rule that "when a case is dismissed under Civil Rule 41, the court loses jurisdiction over the case." (Appellant's Brief at 10.) However, in asserting the trial court erred in vacating the magistrate's decision on fees, Nofal Foods seeks to rely on the exception that a court, even after a voluntary dismissal, retains jurisdiction over matters collateral to the merits of an action.

{¶ 22} As also noted, the trial court found it lost jurisdiction over the action at the time Nofal Foods filed its notice of voluntary dismissal under Civ.R. 41(A)(1) (at which time both parties had voluntarily dismissed all claims and counterclaims), thereby rendering the

court's prior determination as to prevailing party attorney fees "a nullity." (Sept. 6, 2024 Decision at 5.)

{¶ 23} In reaching that conclusion, the trial court viewed as significant (1) the fact, at the time Nofal Foods voluntarily dismissed its counterclaims pursuant to Civ.R. 41(A), the court's partial grant of summary judgment rendered in favor of Nofal Foods on some of the claims was interlocutory; and (2) the fact the court's subsequent determination as to attorney fees was based on a finding Nofal Foods was a prevailing party under the terms of the lease agreement. In essence, the court determined the voluntary dismissal under Civ.R. 41(A)(1) by the parties as to all claims and counterclaims nullified the action and dissolved all prior interlocutory orders (i.e., including the court's prior partial summary judgment ruling), and that such dismissal precluded a finding that Nofal Foods was a prevailing party (i.e., as a result of the voluntary dismissal of all claims without prejudice, there was no final adjudication on the merits and therefore Nofal Foods was not a prevailing party for purposes of obtaining attorney fees under the terms of the lease agreement's fee-shifting provision). Based on our de novo review, we agree.

{¶ 24} In its decision, the trial court addressed its prior partial summary judgment ruling, noting that "remedies for a 'prevailing party' may have been available as a result of a final judgment earlier in a case." (Sept. 6, 2024 Decision at 4.) The court further noted, however, while Nofal Foods "may have prevailed on two of [Keels'] claims earlier in the case, that summary judgment decision was interlocutory." (Sept. 6, 2024 Decision at 4.) The court determined the significance of the interlocutory summary judgment "distinguishes this matter" from cases such as *State ex rel. Engelhart v. Russo*, 2012-Ohio-47. (Sept. 6, 2024 Decision at 4.)

{¶ 25} In *Engelhart*, the Supreme Court observed that "a notice of voluntary dismissal filed after the trial court enters summary judgment is of no force and effect and is a nullity." *Engelhart* at ¶ 17, citing *Blair v. Boye-Doe*, 2004-Ohio-1876, ¶ 3, fn. 2 (9th Dist.); *Sutton v. Kim*, 2005-Ohio-5866, ¶ 16 (11th Dist.). *See also Nolan v. Ernst*, 2017-Ohio-1011, ¶ 15 (12th Dist.) (when trial court journalized its entry granting summary judgment in favor of appellant, such "final appealable order disposed of the case" so that appellant's "subsequent attempt to voluntarily dismiss her case was a nullity"). Conversely, the court in *Engelhart* recognized "it is equally true that if a notice of voluntary dismissal is

filed before the journalization of a summary judgment, the dismissal is effective." (Citations omitted.) *Engelhart* at ¶ 18.

{¶ 26} In the present case, the trial court relied in part on a decision of the Second District Court of Appeals, *Poirier v. Process Equip. Co. of Tipp City*, 2018-Ohio-1945 (2d Dist.), in which that court addressed the effect of a notice of voluntary dismissal on an interlocutory summary judgment decision, and the corresponding issue of a trial court's jurisdiction following such dismissal. Under the facts in *Poirier*, the trial court granted summary judgment in favor of the appellee, but "the decision was interlocutory and was not a final order" at the time the appellant filed a Civ.R. 41(A) notice of voluntary dismissal. *Id*. at ¶ 2. The appellee subsequently filed a motion to strike the appellant's notice of dismissal, which the court granted.

{¶ 27} On appeal, the Second District reversed, holding that because the trial court's summary judgment order was interlocutory, and not a final appealable order, the appellant "was permitted to file a notice of dismissal [under Civ.R. 41(A)(1)(a)] without the trial court's permission or intervention." *Id*. at ¶ 43. Further, once the appellant "filed the notice of dismissal, the action was terminated, and the trial court no longer had jurisdiction over the matter" and, resultingly, "the court's summary judgment order was of no further effect."[3] *Id*. at ¶ 45. The court in *Poirier* addressed and distinguished *Engelhart* on the basis that "*Engelhart* and the cases it cited for the proposition about voluntary dismissals did not involve circumstances where a motion is granted but is not a final appealable order." *Id*. at ¶ 37.

{¶ 28} Here, as recognized by the trial court, when Nofal Foods filed the notice of voluntary dismissal of its counterclaims, the court's grant of summary judgment was interlocutory. While Nofal Foods was entitled to voluntarily dismiss its counterclaims under Civ.R. 41(A), once it filed its notice of dismissal (which followed Keels' earlier

---

[3] Other Ohio appellate courts have similarly addressed the effect of a Civ.R. 41(A)(1) voluntary dismissal on an interlocutory summary judgment decision. *See, e.g., Fisher v. Mallik*, 2015-Ohio-1008, ¶ 18 (10th Dist.) (noting "appellant intended to voluntarily dismiss all the original defendants and claims," and that the dismissal without prejudice "rendered the prior interlocutory summary judgment rulings in favor of appellees a nullity"); *Bradley v. Dollar General*, 2012-Ohio-3700, ¶ 42 (5th Dist.) (plaintiffs' "voluntary dismissal of all defendants and all claims prevents the interlocutory summary judgment decision from becoming a final adjudication of the claims with which it was concerned"); *Hutchinson v. Beazer East, Inc.*, 2006-Ohio-6761, ¶ 32 (8th Dist.) ("a voluntary dismissal of the entire case pursuant to Civ.R. 41(A) dissolves all prior interlocutory orders made by the trial court in that action, including orders of summary judgment").

voluntary dismissal of its claim against Nofal Foods) "the action was terminated, . . . the trial court no longer had jurisdiction over the matter," and the court's prior interlocutory summary judgment order "was of no further effect." *Poirier* at ¶ 45.

{¶ 29} While appellant argues a trial court may still consider collateral matters unrelated to the merits of a case following a Civ.R. 41(A)(1) voluntary dismissal, including attorney fee requests under Civ.R. 11, Civ.R. 37, and R.C. 2323.51, the court's entry of October 3, 2022 granted Nofal Foods' motion for attorney fees as the prevailing party only (i.e., based solely on the fee-shifting provisions of the lease agreement), and did not grant requested relief under Civ.R. 11, Civ.R. 37 or R.C. 2323.51. Further, this court has "previously stated, a 'prevailing party' generally is the party in whose favor the verdict or decision is rendered and judgment entered." *Winona Holdings, Inc. v. Duffey*, 2014-Ohio-519, ¶ 9 (10th Dist.), citing *Hikmet v. Turkoglu*, 2009-Ohio-6477, ¶ 74 (10th Dist.). In this respect, " '[t]he concept of "prevailing party" is important because a voluntary dismissal without prejudice in Ohio means that there has been no adjudication on the merits,' " and " 'without an adjudication on the merits, no formal "prevailing party" exists.' " *Id.*, quoting *Miami Valley Hosp. v. Payson*, 2001 Ohio App. LEXIS 5463 (2d Dist. Dec. 7, 2001), citing *Sturm v. Sturm*, 63 Ohio St.3d 671, 675 (1992).

{¶ 30} Accordingly, " '[a] prevailing party does not exist when a claim is voluntarily dismissed.' " *Winona Holdings* at ¶ 9, quoting *Hansel v. Creative Concrete & Masonry Constr. Co.*, 148 Ohio App.3d 53, 60 (10th Dist. 2002). *See also Geauga Cty. Bd. of Health v. Pauer*, 2003-Ohio-6740, ¶ 20-21 (11th Dist.) (because a voluntary dismissal without prejudice "is not an adjudication upon the merits," and thus "there is no prevailing party when a claim is voluntarily dismissed," appellant's voluntary dismissal of administrative appeal did not render appellee a prevailing party and trial court "had no authority" to award costs to either party after matter was voluntarily dismissed); *Hansel* at 60 (once appellants' claim under the Consumer Sales Practices Act ("CSPA") was voluntarily dismissed, appellee was not entitled to attorney fees "because there was no CSPA claim, and thus no prevailing party").

{¶ 31} On review, we conclude the trial court properly recognized that the voluntary dismissal "of all claims" without prejudice under Civ.R. 41(A) by the parties dissolved the prior interlocutory summary judgment ruling and "divested the [c]ourt of jurisdiction over

those claims" and, consequently, there was no adjudication on the merits to establish Nofal Foods as a prevailing party under the terms of the parties' lease agreement. (Sept. 6, 2024 Decision at 5.) Accordingly, the court did not err in vacating the magistrate's decision on the basis that it lacked authority to award prevailing party attorney fees to Nofal Foods, and we therefore overrule Nofal Foods' sole assignment of error.

## IV. Conclusion

{¶ 32} Having overruled the single assignment of error of Nofal Foods, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

JAMISON, P.J., and EDELSTEIN, J., concur.

————————————