[Cite as *Brown v. Potter*, 2015-Ohio-4289.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

KENNETH J. BROWN, et al.

    *Plaintiffs-Appellants*

v.

DANIEL R. POTTER, et al.

    *Defendants-Appellees*

Appellate Case Nos. 26774
                26775

Trial Court Case No. 2014 CV 02770

(Civil Appeal from
 Common Pleas Court)

---

## DECISION AND FINAL JUDGMENT ENTRY
October 13, 2015

---

PER CURIAM:

{¶ 1} This consolidated matter is before the court on the notices of appeal filed July 23, 2015, appealing the trial court's July 7, 2015 summary judgment decision. The decision, resolving several motions for summary judgment and nearly resolving the underlying real estate dispute, concludes:

> [Phillipsburg Aviation, Inc.] is entitled to summary judgment in its favor
>
> that the Lease remains valid with the present term continuing to July 1,
>
> 2017. It also is granted summary judgment on its claim for specific

performance [of its right of first refusal to purchase the property] against Brown and the Henz defendants, and the Court holds the transfer to Brown rescinded as soon as PAI exercises its option. As discussed above, PAI has not shown that it is "ready, willing, and able" to complete the purchase for the $504,996.00. The Court directs that PAI inform the Court if it still seeks specific performance for its option to purchase in light of the Court's holding that its Lease has been renewed for another five-year term. It will do so by tendering that amount with the Clerk of Courts within fifteen days of the entry of this judgment. The trial date set in this matter is vacated.

No Civ.R. 54(B) certification was included in the decision.

{¶ 2} On August 27, 2015, this court ordered appellants to show cause as to why these appeals should not be dismissed for lack of jurisdiction. It appeared to the court that the July 7, 2015 decision was not final and appealable in accordance with R.C. 2505.02, in that the trial court contemplated further action, i.e., it ordered a party to inform the court "if it still seeks specific performance for its option to purchase in light of the Court's holding," which would affect the trial court's anticipated final decision in the case. Proceedings were continuing in the trial court at that time; the trial court entered a "Judgment Entry Rescinding Prior Sale, Ordering Deed and Distribution of Funds Held by the Clerk" on September 4, 2015. That order appears intended to be the final judgment in the case.

{¶ 3} On September 9 and 10, 2015, appellants filed responses to the show cause orders. They did not argue that the July 7, 2015 order was final at that time, as indeed a "judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-

905, 843 N.E.2d 164, ¶ 20 (internal quotation omitted).  Appellants instead argue that the notices of appeal were premature pursuant to App.R. 4(C), but can be treated as filed immediately after the September 4, 2015 decision, which is the final judgment.

{¶ 4}  We disagree.  App.R. 4(C) applies to a specific set of circumstances not present in this appeal:

> A notice of appeal filed after the announcement of a decision, order, or
>
> sentence but before entry of the judgment or order that begins the running of
>
> the appeal time period is treated as filed immediately after the entry.

App.R. 4(C).  The rule addresses situations where a notice of appeal is filed in between a trial court's announcement of its decision, and the written judgment entry journalizing that decision.  *Ralston v. Chrysler Credit Corp.*, 6th Dist. Lucas No. L-98-1312, 1998 WL 852581, *2 (Nov. 25, 1998) (App.R. 4(C) "pertains only to the timeliness of appeals from orders announced but not yet entered"); *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 526, 709 N.E.2d 1148 (1999).

{¶ 5}  In *Trzebuckowski*, the Supreme Court of Ohio applied App.R. 4(C) to a notice of appeal filed 67 days after the order was prepared, but 15 days before the same order was journalized.  The entry was in substance a final appealable order (except for the lack of journalization), and became final once journalized.  The court noted the unique situation App.R. 4(C) presents:

> Because the city's notice of appeal was filed prior to the journalization of the
>
> court's judgment, the notice was premature. When a notice of appeal is filed
>
> after a judgment is announced, but before the judgment is entered, that
>
> notice is treated as filed immediately after the judgment is entered. App.R.

4(C). Thus, in the case sub judice, the city's notice of appeal is considered filed and effective on September 12, 1995, the date the court's judgment was filed and became final.

*Trzebuckowski* at 527.

**{¶ 6}** A different situation is presented here. The trial court entered an order on July 7, 2015, which the parties appear to acknowledge was not a final appealable order. The order was journalized on that date. On September 4, 2015, the trial court entered and journalized a second order, which appears intended to be a final order. The notice of appeal was filed in between the journalization of these two separate orders, and App.R. 4(C), by its express terms, does not apply.

**{¶ 7}** Although Ohio case law is not entirely consistent in this regard, this court does not construe App.R. 4(C) to apply more generally to appeals of clearly interlocutory orders that later merge into a final order and become final at that time. This situation is governed by App.R. 4(A)(2), which provides that "a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final--such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action--shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final." Premature filing, in the vernacular sense, does not allow parties to appeal orders that are interlocutory. *See Finnegan v. Hillsboro Ford-Mercury Sales*, 4th Dist. Highland No. 10CA16, 2011-Ohio-5359, ¶ 10 (Harsha, P.J., concurring) (App.R. 4(C) does not apply to appeals from orders that are simply interlocutory). Allowing parties to appeal any interlocutory order where it is "premature" in that sense would contravene the final appealable order statute and the jurisdictional requirement of a final

appealable order. R.C. 2505.02; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). We decline to do so. The order on appeal in this case, the July 7, 2015 summary judgment decision, is interlocutory. Without a final appealable order, this court lacks jurisdiction. *Id.*

**{¶ 8}** We cannot accept appellants' argument that the order on appeal became final by virtue of the September 4, 2015 decision for a second reason. The Supreme Court of Ohio has "consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas,* 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13 (internal quotation omitted). In other words, a trial court lacks jurisdiction to act on "those claims that could be affected while the appeal [is] pending." *Id.* at ¶ 15-16. Here, the appeal affects, among other things, the claims for specific performance and rescission of the deed, which are the subject of the trial court's September 4, 2015 order.

**{¶ 9}** The fact that we are dismissing the appeal for lack of jurisdiction does not change this result. *Electronic Classroom* at ¶ 15-17; *Horvath v. Packo*, 2013-Ohio-56, 985 N.E.2d 966, ¶ 30 (6th Dist.). We find this case analogous to *Electronic Classroom*:

In both cases, the trial court issued an order that was not a final judgment. * * * In addition, while the appeals were pending, both trial courts continued in a manner consistent with the appealed orders, but the trial courts' subsequent actions were not proceedings in aid of execution. The trial courts entered final judgment on the matter while the initial appeals were still

pending. Finally, the initial appeals were later dismissed for lack of a final, appealable order. Because we find no material distinction between *Electronic Classroom* and the present situation, we find its reasoning applicable here, and conclude that the trial court lacked jurisdiction to enter its December 19 and 22, 2011 orders while Horvath's appeal from the October 7, 2011 order was still pending.

*Id.* at ¶ 44. We also conclude that because the trial court here lacked jurisdiction to enter the September 4, 2015 order, the order cannot be used to make the earlier interlocutory order final.

{¶ 10} Because there is no final order before us, we lack jurisdiction. The appeal is therefore DISMISSED, and no action is taken on the pending motion to stay. Appellants may file a new notice of appeal once the trial court re-enters a final order resolving this case after dismissal. *See Chase Manhattan Bank v. Salehi*, 11th Dist. Portage No. 2000-P-0114, 2001 WL 137581, *1 (Jan. 16, 2001) ("if the trial court has already issued such an order, the trial court will have to refile that order because the trial court did not have jurisdiction to take such action after appellants filed their original notice of appeal").

{¶ 11} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Montgomery County Court of Appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing.

SO ORDERED.

JEFFREY E. FROELICH, Presiding Judge

MIKE FAIN, Judge


_____
JEFFREY M. WELBAUM, Judge

Copies to:

Diane Marx
7925 Graceland Street
Dayton, Ohio  45459
Attorney for Appellants, Christine O'Connor, Martin Hoops, Cynthia Hoops, Kenneth Henz, John Henz, and Karen Henz

James Fullencamp
131 N. Ludlow Street, Suite 1315
Dayton, Ohio  45402
Attorney for Appellant, Kenneth Brown

Richard Schulte
Stephen Behnke
812 E. National Road, Suite A
Vandalia, Ohio  45377
Attorneys for Appellee, Phillipsburg Aviation, Inc.

Johnathan Zweizig
18 E. Water Street
Troy, Ohio  45373
Attorney for Appellees, Daniel Potter and Jaime Potter

Hon. Richard Skelton
Montgomery County Common Pleas Court
41 N. Perry Street
P.O. Box 972
Dayton, Ohio  45422

CA3/KY