[Cite as *Doe v. Dayton Bd. of Edn.*, 2020-Ohio-5355.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JANE DOE 1 A PSEUDONYM AS GUARDIAN AND NEXT OF FRIEND JANE DOE 2 A MINOR INDIVIDUAL, et al. | : : : : | |
| | : | Appellate Case No. 28487 |
| | : | |
| | : | Trial Court Case No. 2018-CV-2916 |
| Plaintiffs-Appellants | : | |
| | : | (Civil Appeal from |
| v. | : | Common Pleas Court) |
| | : | |
| DAYTON BOARD OF EDUCATION, et al. | : | |
| | : | |
| Defendants-Appellees | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of November, 2020.

. . . . . . . . . . .

ROBERT L. GRESHAM, Atty. Reg. No. 0082151, MICHAEL L. WRIGHT, Atty. Reg. No. 0067698 and KESHA Q. BROOKS, Atty. Reg. No. 0095424, 130 West Second Street, Suite 1600, Dayton, Ohio 45402
        Attorneys for Plaintiffs-Appellants

BRIAN L. WILDERMUTH, Atty. Reg. No. 0066303 and ZACHARY J. CLOUTIER, Atty. Reg. No. 0097160, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440
        Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** The trial court entered judgment on the pleadings with respect to Defendants-Appellees Dayton Board of Education and it employees, but not with respect to another defendant in the action. The trial court's judgment on the pleadings as to the Board of Education defendants became a final, appealable order when the Plaintiffs-Appellants filed a Civ.R. 41(A)(1)(a) dismissal of the remaining defendant. Because a timely appeal was not filed from this order, the pending appeal must be dismissed.

### Facts and Procedural History

**{¶ 2}** Jane Doe 2 was attacked by an unknown assailant while she was a student at an elementary school operated by the Dayton Board of Education. Jane Doe 2 and other students were outside on school grounds during recess when the assailant entered the school playground and, for reasons unknown, stabbed Jane Doe 2 in the back with a knife. Jane Doe 2 sustained serious injuries as a result of the attack. A complaint seeking redress for the attack was filed on Jane Doe 2's behalf by her mother, Jane Doe 1. Jane Doe 1 and Vernon R. Nored III (Jane Doe 2's father) also asserted causes for action for loss of consortium and for reimbursement of the medical expenses associated with Jane Doe 2's injuries.[1] The complaint named as defendants the Dayton Board of Education and Jane and John Doe Board of Education employees (collectively referred to as "Board of Education") and the XYZ Corporation. As allowed by Civ.R. 15(D), the XYZ Corporation was simply a placeholder name for an unknown entity.

**{¶ 3}** The gravamen of the complaint was that the Board of Education, as a political subdivision, was liable for the attack under R.C. 2744.02(B)(4). Specifically, the complaint asserted that the Board of Education's failure to erect a fence around the school

---

[1] The appellants will collectively be referred to as "Nored."

amounted to a physical defect and that, in light of the nature of the community surrounding the school, this failure was negligent conduct. The Board of Education filed a motion for judgment on the pleadings under Civ.R. 12(C), and the trial court ultimately granted the motion. The court's order stated: "This is a final appealable order under Civ.R. 58. Pursuant to App.R. 4, the parties shall file a notice of appeal within thirty (30) days." The Montgomery County Clerk of Courts served the parties with the trial court's order within 3 days, as required by Civ.R. 58(B). However, the trial court's order did not address the XYZ Corporation and did not include the Civ.R. 54(B) "no just reason for delay" language necessary to allow an immediate appeal of an order or other decision which does not resolve all claims against all parties. Nored appealed the trial court's order.[2] Noting that the trial court's order did not include a Civ.R. 54(B) certification, this court issued an order directing Nored to "show cause why [the] appeal should not be dismissed for lack of jurisdiction."

{¶ 4} Nored did not directly respond to the show cause order, but, instead, filed in the trial court a Civ.R. 41(A)(1)(a) dismissal without prejudice of the XYZ Corporation. Nored did not inform this court of the dismissal. As such, we concluded that because Nored had not abandoned any potential cause of action against the entity for which the XYZ Corporation was a placeholder and because the one-year Civ.R. 3(A) service period had not passed, the failure to include the Civ.R. 54(B) "no just reason for delay" language made the trial court's order not immediately appealable. From this, we concluded that we were without jurisdiction and dismissed the appeal. Nored thereafter filed an application for reconsideration with this court under App.R. 26(A). The application

---

[2] That appeal was assigned Montgomery App. No. 28144.

sought reconsideration based upon the dismissal of the XYZ Corporation. Noting that, after filing the dismissal, Nored "did not file a new notice of appeal or seek leave to file an amended notice of appeal, or otherwise update the appellate record," we denied the requested reconsideration.

{¶ 5} Nored then sought relief in the trial court by filing a motion, styled as a Civ.R. 60(B) motion, requesting that the trial court "amend and/or supplement its previous decision to include [the] XYZ Corporation as part of its final appealable order granting [the Board of Education's] Motion for Judgment on the Pleadings." The trial court issued an amended order which concluded that its previous order granting judgment in favor of the Board of Education had not been a final appealable order, and thus was subject to reconsideration under Civ.R. 54(B). The trial court, in a separate order filed on the same day, issued an order upon reconsideration which, once again, granted judgment on the pleadings to the Board of Education but which also struck the complaint's claims against the XYZ Corporation. This appeal followed.

{¶ 6} The Board of Education filed a motion to dismiss the appeal, arguing that Nored's appeal was untimely because the trial court's initial order granting judgment on the pleadings became final and appealable upon Nored's dismissal of the XYZ Corporation. We issued a decision and entry which declined, at the time, to dismiss the appeal as untimely, but we stated that the Board of Education could argue the issue in its brief.

**Analysis**

{¶ 7} This rather convoluted sequence creates several issues, the first being the consequence of Nored's Civ.R. 41(A)(1)(a) dismissal of the XYZ Corporation while an

appeal was pending in Case No. 28144. Once an appeal is perfected, a trial court "is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the [trial court's] judgment." (Citation omitted.) *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13. After an appeal is perfected, any order issued in the trial court which is inconsistent with the appellate court's jurisdiction is a nullity. *In re C.C.*, 2d Dist. Montgomery No. 26606, 2015-Ohio-3048, ¶ 5, citing *State v. Smith*, 2d Dist. Greene No. 2010-CA-63, 2011-Ohio-5986, ¶ 9-10. "This is so even [when] the * * * appeal [is] dismissed for lack of a final appealable order." (Citations omitted.) *Brannon v. Persons*, 2d Dist. Montgomery No. 27266, 2016-Ohio-8591, ¶ 4. But after an appeal is perfected, a trial court "retain[s] jurisdiction over issues not inconsistent with the power and jurisdiction of the appellate court to review, affirm, modify, or reverse the appealed judgment." *State v. Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, ¶ 39; *Flexman v. Flexman*, 2d Dist. Montgomery No. 12874, 1992 WL 190637, *3 (Aug. 13, 1992) (after an appeal is perfected, the trial "court is deprived only of the power to make orders that disturb the jurisdiction of the court of appeals or effectively deprive the appellate court of its review function").

{¶ 8} Civ.R. 41(A)(1)(a) allows a plaintiff, without the trial court's permission or the affected party's consent, to file a dismissal of all claims against a defendant before commencement of a trial unless a counterclaim is pending which cannot be independently adjudicated. The counterclaim provision is not pertinent here. A Civ.R. 41(A)(1)(a) dismissal creates the legal fiction between the plaintiff and the dismissed defendant that no "suit had ever been filed * * * " *Denham v. City of New Carlisle*, 86 Ohio St.3d 594,

597, 716 N.E.2d 184 (1999). A Civ.R. 41(A)(1)(a) dismissal is "self-executing and completely terminates the possibility of further action on the merits of the case without the necessity of court intervention." (Internal quotations and citations omitted.) *State ex rel. Engelhart v. Russo,* 131 Ohio St.3d 137, 2012-Ohio-47, 961 N.E.2d 1118, ¶ 23. Nored had the absolute right to file the Civ.R. 41(A)(1)(a) dismissal of the XYZ Corporation and, moreover, the dismissal did not, in any fashion, interfere with this court's ability to adjudicate the appellate issues between Nored and the Board of Education.[3]

{¶ 9} A trial court's decision granting judgment on the pleadings "for one of [multiple] defendants in a civil action becomes a final order when the plaintiff voluntarily dismisses the remaining [defendant] to the suit pursuant to Civ.R. 41(A)(1)." *Denham v.* at syllabus.[4] Therefore, the trial court's initial order granting judgment on the pleadings to the Board of Education became final and appealable when Nored dismissed the XYZ Corporation. The trial court erred in concluding that its initial order granting judgment on the pleadings remained interlocutory and thus subject to revision under Civ.R. 54(B). Since the trial court relied upon Civ.R. 54(B), it did not analyze Nored's motion under Civ.R. 60(B); thus, the modification to the order amounted to the reconsideration of a final judgment. Such reconsideration is a nullity. *Citibank v. Abu-Niaaj*, 2d Dist. Greene No. 2011-CA-45, 2012-Ohio-2099, ¶ 11, citing *Tucker v. Pope*, 2d Dist. Miami No. 2009-CA-

---

[3] A different issue, and one that does not need to be resolved in this case, is presented when a Civ.R. 41(A)(1)(a) dismissal relates to an aspect of the case on appeal. *See Huntington Natl. v. Syroka*, 6th Dist. Lucas No. L-09-1240, 2010-Ohio-1358, ¶ 6.

[4] *Denham* was decided within the context of a trial court's summary judgment decision, but this is a distinction without a difference. We also note that while *Denham* concerned this issue of immunity, as does the pending case, it would seem the same conclusion would result irrespective of the case type.

30, 2010-Ohio-995, ¶ 25.

{¶ 10} Turning to the final and dispositive issue, once the trial court's initial order granting judgment on the pleadings became a final, appealable order, under App.R. 4(A)(2),[5] Nored had 30 days from the filing of the Civ.R. 41(A)(1)(a) dismissal to file a new appeal or, as allowed by App.R. 3(F)(1), an amended appeal of the trial court's order granting judgment on the pleadings to the Board of Education.   Since Nored did not take either action, a timely appeal was not taken, and the pending appeal must be dismissed.

**Conclusion**

{¶ 11} For the stated reason, Nored's appeal is dismissed.

. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

Robert L. Gresham
Michael L. Wright
Kesha Q. Brooks
Brian L. Wildermuth
Zachary L. Cloutier
Hon. Mary Lynn Wiseman

---

[5] App.R. 4(A)(2) states in pertinent part: "* * * [A] party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final – such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action – shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final."   The Staff Notes regarding this issue state in relevant part that "when the trial court enters an order that is not final when entered but becomes final as a result of * * * dismissal of the action (e.g. under Civ.R. 41(A))[,] * * * the time to appeal begins to run when the previously non-final order becomes a final order."