[Cite as *Coleman v. Stroup*, 2023-Ohio-1080.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| Courtney M. Coleman, | : | Case No. 21CA17 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Abby Stroup, et al., | : | |
| Defendants-Appellees. | : | **RELEASED 3/28/2023** |

_____

<u>APPEARANCES</u>:

James R. Kingsley, Circleville, Ohio, for appellant.

Samuel E. Endicott, Baker & Hostetler, LLP, Columbus, Ohio, for appellees Mount Carmel College of Nursing and Mount Carmel Health System.

Brian S. Stewart, Circleville, Ohio, for appellees Madelyn Dozer and Abby Stroup.
_____

Hess, J.

{¶1}     Courtney M. Coleman appeals from several entries of the Pickaway County Common Pleas Court dismissing her claims against Abby Stroup, Maddie Azriel Dozer, MCCN (i.e., Mount Carmel College of Nursing), and Mount Carmel Health Systems Trinity Health Corporation ("MCHS"), defendants below.[1]  However, when Coleman filed her notice of appeal, there was no final appealable order for us to review because none of the entries resolved Stroup's counterclaims against Coleman or certified that there was "no just reason for delay" under Civ.R. 54(B).  Although the entries became final after

---

[1] In this sentence we have stated the defendants' names as they appear in the complaint.  As indicated in the appearances section of this opinion, some of the defendants refer to themselves somewhat differently in their appellate briefs.

Coleman filed her notice of appeal by virtue of Stroup filing a Civ.R. 41(A)(1)(a) notice of voluntary dismissal of her counterclaims, and App.R. 4(C) sometimes secures appellate jurisdiction over premature notices of appeal, the rule does not apply in this case. Accordingly, we lack jurisdiction to consider this appeal and dismiss it.

## I.  PROCEDURAL HISTORY

{¶2}    In June 2020, Coleman filed a complaint against Stroup, Dozer, MCCN, and MCHS asserting claims for defamation per se and per quod, false light invasion of privacy, intentional infliction of emotional distress, intentional interference with business contract, and breach of contract. Stroup filed an answer and counterclaims alleging that the filing of the complaint against her constituted frivolous conduct under R.C. 2323.51 and that Coleman engaged in abuse of process by filing a complaint which "has been perverted to attempt to accomplish an ulterior purpose for which it was not designed."  Dozer filed a Civ.R. 12(B)(6) motion to dismiss the claims against her. MCCN and MCHS filed an answer and a Civ.R. 12(C) motion for judgment on the pleadings with respect to the claims against them.

{¶3}    On December 29, 2020, the trial court issued a decision and entry on Dozer's Civ.R. 12(B)(6) motion. The court dismissed the claim against Dozer for defamation and found that Coleman "did not include" Dozer in the intentional infliction of emotional distress claim. However, the court denied the motion with respect to the remaining claim against Dozer, which was for false light invasion of privacy.

{¶4}    On January 4, 2021, the trial court issued a decision and entry on MCCN and MCHS's Civ.R. 12(C) motion. The court dismissed the claims against them for defamation and false light invasion of privacy, found that Coleman did not include them

in her claim for intentional infliction of emotional distress, and found that Coleman did not direct her claim for intentional interference with business contract toward either of them. However, the court denied the motion with respect to the remaining claim against them for breach of contract.

{¶5}　Later, MCCN and MCHS moved for summary judgment on the breach of contract claim against them, Dozer moved for summary judgment on the false light invasion of privacy claim against her, and Stroup moved for summary judgment on all of Coleman's claims against her. On September 28, 2021, the trial court issued three decisions and entries which granted these motions and dismissed the remaining claims against each of the defendants. The decision and entry regarding MCCN and MCHS states that it is "a final appealable order."

{¶6}　On October 25, 2021, Coleman filed a notice of appeal. The notice states she is appealing "from the final judgments entered in this action, on September 28, 2021." The notice then identifies the judgments being appealed as the December 29, 2020 entry, January 4, 2021 entry, and September 28, 2021 entries.

{¶7}　On November 30, 2021, Stroup filed a "notice of dismissal" in the trial court which stated that pursuant to Civ.R. 41, she dismissed her counterclaims against Coleman without prejudice.

## II.　ASSIGNMENTS OF ERROR

{¶8}　Coleman presents six assignments of error:

Assignment of Error No. 1:　The trial court committed prejudicial error when it granted summary judgment in favor of all defendants upon plaintiff's claims for libel and slander.

Assignment of Error No. 2: The trial court committed prejudicial error when it granted appellees[ ] summary judgment in regard to appellant's false light invasion of privacy claims against all appellees.

Assignment of Error No. 3: The trial court committed prejudicial error when it dismissed appellant's intentional infliction of emotional distress claims.

Assignment of Error No. 4: The trial court committed prejudicial error when it dismissed appellant's intentional interference with a business contract claim.

Assignment of Error No. 5: The trial court committed prejudicial error when it granted summary judgment for appellee upon appellant's claim for breach of contract.

Assignment of Error No. 6: The trial court committed prejudicial error when it denied appellant's motion for a restraining order to enable her to stay in school.

### III. LAW AND ANALYSIS

**{¶9}** Before we address the merits of this appeal, we must decide whether we have jurisdiction to do so. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Ohio Constitution, Article IV, Section 3(B)(2). "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *Clifton v. Johnson*, 4th Dist. Pickaway No. 14CA22, 2015-Ohio-4246, ¶ 8. "In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Id.* Our review of the record in this case revealed a jurisdictional issue which we raised during oral argument, and the parties have filed supplemental briefs regarding it.

**{¶10}** Generally, an order must meet the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final appealable order. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Under R.C. 2505.02(B)(1),

an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" " 'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 8, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶11} "Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order." *Clifton* at ¶ 10. Civ.R. 54(B) states: "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "Absent the mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Clifton* at ¶ 10. The purposes of Civ.R. 54(B) are " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * *, as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

{¶12} There is no dispute that at the time Coleman filed her notice of appeal, none of the orders from which she appeals was a final appealable order. This case involves

multiple claims and parties. When Coleman filed her notice of appeal, her claims against the defendants had been resolved, but Stroup's counterclaims against Coleman had not been resolved, and none of the trial court's orders contain the mandatory Civ.R. 54(B) language that there is no just reason for delay.

**{¶13}** After Coleman filed this appeal, Stroup voluntarily dismissed her counterclaims. Coleman suggests that if the notice of voluntary dismissal is valid, the orders she appeals from became final when Stroup filed the notice of voluntary dismissal, and pursuant to App.R. 4(C), we must treat the premature notice of appeal as if it was filed immediately after the notice of voluntary dismissal and consider the merits of the appeal. Coleman relies on *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, and *Robinson v. Spurlock*, 4th Dist. Jackson No. 11CA4, 2012-Ohio-1510, to support her position. Coleman suggests that if App.R. 4(C) does not apply, she did not lose her opportunity to appeal by failing to file a notice of appeal within 30 days of the filing of the notice of voluntary dismissal. Coleman asserts that the notice of voluntary dismissal did not comply with due process because the notice did not state it was a "final appealable order" and the clerk did not serve it. She also asserts that pursuant to App.R. 4(A)(3), the time to appeal never began to run because the clerk did not serve the notice of voluntary dismissal—Stroup's counsel did. Coleman claims that upon our dismissal of the present appeal, she can "refile" her notice of appeal once Stroup refiles her notice of voluntary dismissal "with notation that it is a final appealable order and the clerk properly completes service."

**{¶14}** Alternatively, Coleman asserts that the notice of voluntary dismissal is a nullity. She suggests that the filing of the notice of voluntary dismissal was inconsistent

with our appellate jurisdiction because the notice related to an aspect of the case on appeal, but she does not elaborate on this position.  In addition, citing *Brown v. Potter*, 2d Dist. Montgomery Nos. 26774, 26775, 2015-Ohio-4289, she asserts that a party "cannot file a notice of dismissal pending appeal," and citing *Huntington Natl. Bank v. Syroka*, 6th Dist. Lucas No. L-09-1240, 2010-Ohio-1358 ("*Syroka*"), she asserts that "[a] party cannot act pending appeal."  And Coleman asserts that upon our dismissal of the present appeal, Stroup will have to refile her notice of voluntary dismissal to terminate the case in the trial court, and Coleman may file a notice of appeal at that time.

### A.  Validity of the Notice of Voluntary Dismissal

**{¶15}**  The Supreme Court of Ohio has " 'consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' "  *State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 25, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8.  "Thus, the timely filing of a notice of appeal generally precludes a trial court from taking further action on claims that are affected by the appeal."  *Id.*  "After an appeal is perfected, any order issued in the trial court which is inconsistent with the appellate court's jurisdiction is a nullity."  *Doe v. Dayton Bd. of Edn.*, 2d Dist. Montgomery No. 28487, 2020-Ohio-5355, ¶ 7.  This is the case even if the appellate court ultimately dismisses the appeal for lack of a final appealable order.  *Id.*

**{¶16}**  Civ.R. 41(A)(1)(a) provides that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which

cannot remain pending for independent adjudication by the court has been served by that defendant[.]" Civ. R. 41(C) states that the provisions of Civ.R. 41 "apply to the dismissal of any counterclaim" and that "[a] voluntary dismissal by the claimant alone pursuant to division (A)(1) of this rule shall be made before the commencement of trial." If a party voluntarily dismisses all its claims against another party, the trial court is divested of jurisdiction over those claims, and the action against the defending party is treated as if it had never been commenced. *See State ex. rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17 ("*Russo*"). "The notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention." *Id.* Although a notice of voluntary dismissal dissolves interlocutory decisions made with respect to the dismissed claims, it "does not operate to nullify a final order." *Crown Chrysler Jeep, Inc. v. Boulware*, 10th Dist. Franklin No. 15AP-162, 2015-Ohio-5084, ¶ 30-31.

{¶17} Stroup had the right to file her notice of voluntary dismissal during the pendency of this appeal. The notice complied with Civ.R. 41(A)(1)(a) and (C) because it encompassed all counterclaims Stroup asserted against Coleman, and Stroup filed the notice before the commencement of trial. The notice of voluntary dismissal did not constitute an improper attempt to nullify a final order of the trial court as the court had not issued one. Moreover, the notice of voluntary dismissal was not inconsistent with our jurisdiction to reverse, modify, or affirm the orders from which Coleman appealed. The voluntary dismissal of the counterclaims did not interfere with our ability to adjudicate this appeal from the orders that dismissed Coleman's claims. *See generally Doe* at ¶ 3-4, 8

(plaintiffs had "absolute right to file" Civ.R. 41(A)(1)(a) dismissal of their claims against one defendant during the pendency of appeal, and "the dismissal did not, in any fashion," interfere with the appellate court's ability to adjudicate the appellate issues between the plaintiffs and the other defendants). Therefore, the notice of voluntary dismissal is valid.

**{¶18}** *Brown* and *Syroka* do not support the proposition that Stroup's notice of voluntary dismissal is a nullity. In *Brown*, the appellants filed notices of appeal from a summary judgment decision which "contemplated further action * * * which would affect the trial court's anticipated final decision in the case." *Brown*, 2d Dist. Montgomery Nos. 26774, 26775, 2015-Ohio-4289, at ¶ 1-2. After the appellate court ordered the appellants to show cause as to why the appeals should not be dismissed for lack of jurisdiction, the trial court issued an order which appeared intended to be the final judgment in the case. *Id.* at ¶ 2. The appellate court held that the trial court lacked jurisdiction to enter that order because the pending appeal affected claims which were the subject of the order; therefore, the order did not make the earlier interlocutory summary judgment decision final. *Id.* at ¶ 8-9. *Brown* did not involve a Civ.R. 41(A)(1)(a) notice of voluntary dismissal and does not support the proposition that a party can never file a notice of voluntary dismissal during the pendency of an appeal.

**{¶19}** In *Syroka*, the plaintiff filed a complaint for cognovit judgment, and the trial court entered judgment on the cognovit note in the plaintiff's favor. *Syroka*, 6th Dist. Lucas No. L-09-1240, 2010-Ohio-1358, at ¶ 2. The defendants filed a notice of appeal from that judgment. *Id.* Subsequently, the plaintiff filed a notice of voluntary dismissal in the trial court and argued that as a result of the filing, the appellate court lacked jurisdiction to further hear the defendants' appeal. *Id.* at ¶ 3. The appellate court found that the

notice of voluntary dismissal was "a nullity" because it "clearly relates to an aspect of the case on appeal," and "the trial court was divested of jurisdiction" at the time the plaintiff filed the notice.  *Id.* at ¶ 6.

{¶20}  This case is factually distinguishable from *Syroka*.  In *Syroka*, there was a single claim which the plaintiff tried to voluntarily dismiss after the trial court had issued a final order resolving the claim and after the claim had become the subject of an appeal.  "*Sykora* stands for the proposition that a notice of appeal filed from the *final judgment entered on the merits* precludes the plaintiff from filing a voluntary dismissal of the underlying claims."  (Emphasis sic.)  *Rock House Fitness Inc. v. Himes*, 2021-Ohio-245, 167 N.E.3d 499, ¶ 15 (11th Dist.).  As previously explained, this case involves multiple parties and claims, the trial court did not issue a final judgment, the dismissed counterclaims are not the subject of this appeal, and the voluntary dismissal did not interfere with our ability to adjudicate this appeal from the orders dismissing Coleman's claims.

### B.  Impact of Voluntary Dismissal on Prior Interlocutory Orders

{¶21}  Next, we must determine what impact the voluntary dismissal of Stroup's counterclaims had on the finality of the prior interlocutory orders dismissing Coleman's claims.  As previously explained, if a party voluntarily dismisses all its claims against another party, the trial court is divested of jurisdiction over those claims, and the action against the defending party is treated as if it had never been commenced.  *See Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17.  "The notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention."  *Id.*

Therefore, when Stroup filed her notice of voluntary dismissal in accordance with Civ.R. 41(A)(1)(a) and (C), the notice automatically terminated the possibility of further action on the merits of her counterclaims. Once Stroup filed the notice, all claims against all parties were then resolved, so the case in the trial court automatically terminated, and the trial court's prior interlocutory orders dismissing Coleman's claims became final. *See Robirds v. Stidham*, 4th Dist. Scioto No. 16CA3749, 2016-Ohio-5081, ¶ 5, 8, fn. 1 (once parties filed Civ.R. 41(A)(1)(a) notice of voluntary dismissal of cross-claims, the case automatically terminated, and the trial court's prior interlocutory orders became final).

### C.  Premature Notice of Appeal and App.R. 4(C)

**{¶22}** App.R. 4(A)(2) states: "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final—such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action—shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final." In this case, Coleman filed her notice of appeal from the trial court's orders dismissing her claims *before* they became final.

**{¶23}** "App.R. 4(C) sometimes secures appellate jurisdiction over premature notices of appeal," *Deer Park Roofing, Inc. v. Oppt*, 1st Dist. Hamilton No. C-210471, 2022-Ohio-1469, ¶ 6, but the rule does not apply in this case. App.R. 4(C) states: "A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." Even if we were to find that Coleman filed her notice of appeal "after the announcement of a decision, order, or sentence," she did not file it

"before entry of the judgment or order that begins the running of the appeal time period." The trial court never entered a final judgment or order that began the running of the appeal time period in this case. Rather, after Coleman filed a notice of appeal from the trial court's interlocutory orders, another party filed a notice of voluntary dismissal which made the prior orders final. Nothing in the plain language of App.R. 4(C) permits us to treat a premature notice of appeal as filed immediately after the filing of a notice of voluntary dismissal, which is a self-executing document filed by a party, not a "judgment or order" entered by the trial court.

{¶24} Coleman's reliance on *Craig* and *Robinson* is misplaced. In *Craig*, the defendant filed an appeal from an interlocutory judgment of conviction on two counts of an indictment, the appellate court dismissed for lack of a final appealable order, and the defendant filed a discretionary appeal in the Supreme Court of Ohio. *Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, at ¶ 3-4, 6, 21. Subsequently, the trial court found the defendant incompetent to stand trial on the remaining count of the indictment which the jury had hung on, making the interlocutory convictions final. *Id.* at ¶ 3, 5, 27. Even though the defendant did not file a notice of appeal within 30 days of when he was first adjudged incompetent and instead filed it "months earlier," the Supreme Court of Ohio determined that "[u]nder the limited and unique circumstances presented" the "notice of appeal should be viewed as a premature notice of appeal under App.R. 4(C)" and "as having been filed immediately after" the incompetency adjudication. *Id.* at ¶ 27.

{¶25} In *Robinson*, the trial court entered a judgment on a jury verdict, and the plaintiff filed a notice of appeal from that judgment before the trial court resolved the plaintiff's Civ.R. 59(A) motion for a new trial. *Robinson*, 4th Dist. Jackson No. 11CA4,

2012-Ohio-1510, at ¶ 9-13.  We held that the motion tolled the time to appeal under App.R. 4, and no final order existed until the trial court resolved the motion, which occurred after the filing of the notice of appeal.  *Id.* at ¶ 11-13.  However, we held that the plaintiff did not need to file a notice appeal from the entry denying the motion for new trial because the motion rendered the notice of appeal from the judgment on the verdict premature, and "[a] premature [n]otice of appeal is treated as being filed immediately after a final appealable order."  *Id.* at ¶ 13, citing App.R. 4(C).[2]  *Craig* and *Robinson* are inapposite as neither involved an appeal from an order which became final after the notice of appeal was filed by virtue of the filing of a notice of voluntary dismissal.

### D.  Resolution of Jurisdictional Issue

**{¶26}** Although the decision and entry granting MCCN and MCHS summary judgment on the breach of contract claim against them states that it is "a final appealable order," " 'appellate courts are not bound by a trial court's determination or statement that a judgment constitutes a final appealable order.' "  *Chilli Assocs. Ltd. Partnership v. Denti Restaurants Inc.*, 4th Dist. Ross No. 21CA3743, 2022-Ohio-848, ¶ *27*, quoting *In re Estate of Adkins*, 4th Dist. Lawrence No. 16CA22, 2016-Ohio-5602, ¶ 5.  [R. 84]  When Coleman

---

[2] We observe that App.R. 4(B)(2) currently states that "[i]f a party files a notice of appeal from an otherwise final judgment but before the trial court has resolved" a motion for new trial under Civ.R. 59

> then the court of appeals, upon suggestion of any of the parties, shall remand the matter to the trial court to resolve the post-judgment filings in question and shall stay appellate proceedings until the trial court has done so.  After the trial court has ruled on the post-judgment filing on remand, any party who wishes to appeal from the trial court's orders or judgments on remand shall do so in the following manner: (i) by moving to amend a previously filed notice of appeal or cross-appeal under App.R. 3(F), for which leave shall be granted if sought within thirty days of the entry of the last of the trial court's judgments or orders on remand and if sought after thirty days of the entry, the motion may be granted at the discretion of the appellate court; or (ii) by filing a new notice of appeal in the trial court in accordance with App.R. 3 and 4(A).  In the latter case, any new appeal shall be consolidated with the original appeal under App.R. 3(B).

filed her notice of appeal, there was no final appealable order for us to review because none of the entries resolved Stroup's counterclaims against Coleman or certified that there was "no just reason for delay" in accordance with Civ.R. 54(B). Although the entries became final after Coleman filed her notice of appeal by virtue of Stroup filing a Civ.R. 41(A)(1)(a) notice of voluntary dismissal of the counterclaims, and App.R. 4(C) sometimes secures appellate jurisdiction over premature notices of appeal, the rule does not apply in this case. Accordingly, we lack jurisdiction to consider this appeal and must dismiss it.

### E. Timeliness of Future Appeal

**{¶27}** Finally, we address Coleman's suggestion that if we find App.R. 4(C) does not apply, which we have concluded it does not, she did not lose her opportunity to appeal by failing to file a notice of appeal within 30 days of the filing of the notice of voluntary dismissal. Again, App.R. 4(A)(2) states: "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final—such as an order that merges into a final order entered by the clerk or that becomes final upon dismissal of the action—shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final." Coleman suggests the 30-day provision does not apply to her for two reasons. First, she claims the notice of voluntary dismissal did not comport with due process because it did not state that it was a "final appealable order" and was not served by the clerk. Second, she claims that App.R. 4(A)(3) is tolling the time to appeal because the clerk never served her with the notice of the voluntary dismissal—Stroup's counsel did.

**{¶28}** Coleman essentially asks this court to conclude that if she files a new appeal after we dismiss the present one, that future appeal will be timely and we will have jurisdiction to consider it.  This issue is not ripe for our review as it is contingent on an event which may never occur, so we will not address it now.  *See generally State ex rel. Quinn v. Delaware Cty. Bd. of Elections*, 152 Ohio St.3d 568, 2018-Ohio-966, 99 N.E.3d 362, ¶ 37, quoting *State ex rel. Jones v. Husted*, 149 Ohio St.3d 110, 2016-Ohio-5752, 73 N.E.3d 463, ¶ 21 ("To be justiciable, a claim must be ripe for review, and a claim is not ripe 'if it rests on contingent events that may never occur at all' ").  If Coleman files a new notice of appeal after we dismiss the present appeal, we can assess the timeliness of that appeal and our jurisdiction to consider it at that time.

## F.  Conclusion

**{¶29}** For the foregoing reasons, we lack jurisdiction to consider the merits of the appeal and dismiss it.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**