[Cite as *Roth v. Mulch Mfg., Inc.*, 2025-Ohio-5241.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TINA ROTH | Case No. 2025 CA 00014 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 22CV00347 |
| MULCH MANUFACTURING, INC., ET AL. | Judgment: Appeal Dismissed |
| Defendants – Appellants | Date of Judgment Entry: November 19, 2025 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Appellate Judges

**APPEARANCES:** JUDITH E. GALEANO, STEPHEN E. DUTTON, for Plaintiff-Appellee; NELSON M. REID, MATTHEW T. WATSON, CHRISTOPHER R. BUTLER, for Defendants-Appellants.

*King, P.J.*

{¶ 1}   Defendants-Appellants, Mulch Manufacturing, Inc. and Sustainable Green Team, Ltd., appeal the February 20, 2025 judgment entry of the Licking County Court of Common Pleas, granting default judgment and awarding damages and attorney fees to Plaintiff-Appellee, Tina Roth.   Additional defendants were Anthony Raynor and Ralph Spencer.   We dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Roth was employed by Mulch Manufacturing and/or Sustainable Green from 2013 until her termination from employment in 2021.[1]   Raynor and Spencer were

---

[1]In 2020, Sustainable Green acquired Mulch Manufacturing and the two corporations merged.

executive officers with the corporations. On April 12, 2022, Roth filed a complaint against appellants and the additional defendants and an amended complaint on November 10, 2022. Roth alleged as a female, she consistently received a lower commission than her newly hired male coworkers. Roth alleged claims for violations of the Equal Pay Act against all defendants (Count I), retaliation in violation of the Equal Pay Act against all defendants (Count II), sex discrimination in violation of Title VII of the Civil Rights Act of 1964 against all defendants (Count III), sex discrimination in violation of R.C. Chapter 4112 against the corporations (Count IV), retaliation in violation of R.C. Chapter 4112 against all defendants (Count V), retaliation in violation of Title VII of the Civil Rights Act of 1964 against all defendants (Count VI), wage discrimination in violation of R.C. 4111.17 against the corporations (Count VII), breach of contract against all defendants (Count VIII), breach of contract against defendant Spencer (Count IX), promissory estoppel against all defendants (Count X), unjust enrichment against all defendants (Count XI), quantum meruit against all defendants (Count XII), and fraud against defendants Raynor and Spencer (Count XIII).

{¶ 3} On May 9, 2022, appellants and Raynor filed a joint answer to the original complaint, along with a cross-claim against Spencer, seeking indemnification if they were ordered to issue company stocks to Roth. On March 27, 2023, appellants and Raynor filed separate answers to the amended complaint without a cross-claim against Spencer.

{¶ 4} On August 15, 2023, Roth filed a motion to compel discovery due to appellants' failure to produce requested documents after six months. Appellants failed to respond to the motion. By order filed August 31, 2023, the trial court granted the motion. Thereafter, appellants made two supplemental document disclosures.

{¶ 5}   On October 24, 2023, Roth filed a stipulation of dismissal, dismissing all her claims against Spencer.  The dismissal was with prejudice.  Her remaining claims against appellants and Raynor remained.

{¶ 6}   On November 3, 2023, Roth filed a motion for sanctions, claiming appellants failed to comply with the discovery order.  A hearing was held on November 20, 2023.  By entry filed December 22, 2023, the trial court granted the motion, finding appellants to be in violation of the August 31, 2023 order; the trial court ordered appellants to produce all discovery by January 30, 2024, and ordered appellants to pay Roth's attorney fees in the amount of $28,930.17 as a sanction.  The trial court warned defendants failure to comply with the entry "shall cause the Court to designate the facts as alleged in Plaintiff's First Amended Complaint established for the purposes of this action."

{¶ 7}   On May 1, 2024, Roth filed a combined motion to deem the facts alleged in the amended complaint as admitted, for default judgment against appellants, and for attorney fees.  Appellants failed to respond to the motions.  By entry filed September 11, 2024, the trial court granted the motions, granted default judgment against appellants, and set a hearing to determine damages; the trial court also awarded Roth an additional $47,000.12 for accrued interest and additional attorney fees due to appellants' failure to comply with the trial court's December 22, 2023 discovery entry.  A damages hearing was held five months later on February 10, 2025; no one appeared on behalf of appellants.  By judgment entry filed February 20, 2025, the trial court entered judgment against appellants, jointly and severally, as follows: $379,654.10 in economic compensatory damages which included backpay losses for unlawful termination of employment; $274,521.59 in economic compensatory damages for pay differential damages;

$654,175.69 in liquidated damages for violating the Equal Pay Act and wage discrimination; $313,500.00 in contractual damages; $350,000.00 in non-economic compensatory damages for sex discrimination and retaliation; $2,008,351.38 in punitive damages for sex discrimination and retaliation; $193,501.99 reflecting five years of front pay as equitable relief; and $139,873.76 in costs and additional attorney fees.  In total, the February 20, 2025 judgment entry awarded Roth $4,313,578.51.  The judgment entry was silent as to any claims against Raynor.

{¶ 8}   On March 18, 2025, appellants filed an appeal on the trial court's February 20, 2025 judgment entry.  Also on March 18, 2025, Roth filed a pretrial statement reiterating her claims against Raynor, as the sole remaining defendant.  On June 24, 2025, Roth dismissed her claims against Raynor.  The dismissal was without prejudice. Appellants set forth the following assignments of error:

I

{¶ 9}   "THE LOWER COURT ABUSED ITS DISCRETION IN ORDERING THE FACTS ALLEGED IN APPELLEE'S AMENDED COMPLAINT AS TRUE, ORDERING DEFAULT JUDGMENT AGAINST APPELLANTS AND ORDERING PAYMENT OF ATTORNEY'S FEES IN AN ORDER DATED FEBRUARY 20, 2025 "

II

{¶ 10} "THE LOWER COURT ERRED IN AWARDING APPELLEE ECONOMIC DAMAGES UNDER ALTERNATIVE THEORIES BASED UPON THE SAME SET OF CIRCUMSTANCES."

III

{¶ 11} "THE LOWER COURT ERRED IN AWARDING PUNITIVE DAMAGES AGAINST APPELLANT."

{¶ 12} At the outset, we will address the issue of whether there is a final appealable order before this court.  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *General Accident Insurance Co. v. Insurance Company of North America,* 44 Ohio St.3d 17 (1989).

{¶ 13} In her appellate brief, Roth argues the appealed judgment entry did not fall under any of the categories for being a final order under R.C. 2505.02(B), did not dispose of all claims, and the trial court did not certify that there was no just reason for delay under Civ.R. 54(B); therefore, Roth argues the judgment entry appealed was not a final appealable order.  Appellee's Brief at 2-3.  We agree.

{¶ 14} Roth filed an amended complaint against appellants and their respective executive officers, Raynor and Spencer.  Roth voluntarily dismissed her claims against Spencer on October 24, 2023.  The dismissal was with prejudice.

{¶ 15} By entry filed September 11, 2024, the trial court granted default judgment to Roth against appellants.  By judgment entry filed February 20, 2025, the trial court entered judgment and assessed damages against appellants, jointly and severally.  The two entries were silent as to any claims against Raynor.

{¶ 16} Appellants filed an appeal on March 18, 2025.  As stated by Roth in her appellate brief, she continued to litigate her claims against Raynor.  Appellee's Brief at 2; *see* Roth's Pretrial Statement filed March 18, 2025.  But on June 24, 2025, Roth

dismissed her claims against Raynor. The dismissal was without prejudice. So, at the time of the filing of the notice of appeal, Roth's claims against Raynor were still viable.

{¶ 17} In order for this court to have jurisdiction, there must be a final appealable order before the court. Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02. Under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton County Board of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989). "'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State ex rel. Keith v. McMonagle*, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton,* 142 Ohio App.3d 694, 696 (4th Dist. 2001).

{¶ 18} In addition, if a case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. Civ.R. 54(B) states: "When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent this language, "there is no just reason for delay," an order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.*

Therefore, the order would not be final and appealable. *Clifton v. Johnson*, 2015-Ohio-4246, ¶ 10-11 (4th Dist.).

{¶ 19} At the time of the filing of the notice of appeal, the case was still active as to Raynor, an executive with Sustainable Green, with claims against him intricately intertwined with the corporation. Depending on the outcome of the claims against Raynor, the trial court could have revised the judgment against appellants. The February 20, 2025 judgment entry did not resolve all of the claims against the multiple parties, and the judgment entry did not contain the mandatory Civ.R. 54(B) language that there is no just reason for delay. Accordingly, without a final order, we lack jurisdiction to consider this appeal.

{¶ 20} For the reasons stated in our accompanying Opinion, the appeal is DISMISSED.

{¶ 21} Costs to Appellants.

By: King, P.J.

Baldwin, J. and,

Gormley, J. concurs separately.

*Gormley, J., concurring in the opinion and judgment*

{¶ 22} I join the court's opinion and judgment in full.

{¶ 23} I write separately simply to note that we are not treading new ground in dismissing this appeal for want of a final and appealable order. Other Ohio appellate courts have confronted similar scenarios to the one that this case presents. *See, e.g., Coleman v. Stroup*, 2023-Ohio-1080, ¶ 21-26 (4th Dist.) (where a trial court granted motions to dismiss or motions for summary judgment in favor of all defendants, and where

the plaintiff then filed a prompt appeal, that appeal was premature because one of the defendant's counterclaims were unresolved, and that defendant's later voluntary dismissal of the counterclaims while the plaintiff's appeal was pending was in fact the event that started the running of the 30-day clock for the filing of a proper notice of appeal); *Doe v. Dayton Bd. of Edn.*, 2020-Ohio-5355, ¶ 9 (2d Dist.) (where a trial court granted judgment on the pleadings in favor of some but not all defendants, that trial-court ruling was not a final and appealable order until the plaintiff later filed a Civ.R. 41(A)(1)(a) dismissal of the plaintiff's claims against the remaining defendant).

{¶ 24} And our decision also comports with the relevant Ohio appellate rule. *See* App.R. 4(A)(2) ("a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final — such as an order that . . . becomes final upon dismissal of the action — shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final"); 2014 Staff Note, App.R. 4 (noting that "confusion . . . can arise when the trial court enters an order that is not final when entered but becomes final . . . because of the dismissal of the action (*e.g.*, under Civ.R. 41(A))," and explaining that "[i]n these circumstances, the time to appeal begins to run when the previously non-final order becomes a final order").

{¶ 25} Given that the appeal in this case was filed in March 2025, and given that the plaintiff did not voluntarily dismiss in the trial court the last of her unresolved claims against one of the defendants until June 2025, this appeal was premature. The trial court's February 2025 judgment was not final and appealable until that June 2025 voluntary dismissal, and it was the plaintiff's filing of that latter document that started the

30-day clock for the filing of a timely appeal by any defendants who wished to challenge the February 2025 judgment.